# SHERMAN VS. THE MADISON MUTUAL INSURANCE COMPANY.

APPEAL. *(1) Intendment as to facts. (2) Conclusion of law treated as such, though contained in finding of facts.*

FIRE INSURANCE. *(3) Waiver of condition as to additional insurance. (4) Rule for adjustment of losses under non-concurrent policies.*

1. Where the bill of exceptions is not certified to contain all the evidence, the judge's finding of facts will be presumed correct, though not sustained by the proof preserved in the bill.

2. Where the findings of fact filed by the judge include a proposition which is really a conclusion of law, it must be treated as such, on appeal.

3. In an action on a fire insurance policy, which by its terms was to be void if the plaintiff should procure additional insurance without notifying the insurer and having the same indorsed on the policy, if it appears that additional insurance was obtained *at the time the policy was issued,* and was not thereafter increased, and that the insurer, through the agent, knew the fact at the time, and with such knowledge paid a portion of the loss, the policy must be treated as valid.

4. Each of three policies of insurance upon the same live stock contained the provision that the company issuing it should be liable only for such a proportion of any loss as the amount insured by it should bear to the whole amount of insurance on the property. One policy insured the stock generally in the sum of $1,500. Of the other two, each in the sum of $1,666.67, one provided that no animal should be valued at more than $500, and the other, that the insurer should pay no more than $500 loss on any one animal. The insured lost by fire two steers valued at $336, and one bull valued at $2,000. *Held,* in an action on the $1,500 policy,

(1) That plaintiff was entitled to recover from the three insurers *the whole amount of his loss.*

(2) That each of the insurers is liable to him for that proportion of the value of the two steers, which the whole amount insured by its policy bears to the whole amount insured by the three policies together.

(3) That as to the value of the bull lost, the liability of one of the other insurers being limited to $500, while that of the second is limited to its proportion of $500 as the stipulated value of the animal, defendant is liable for such additional sum as will make good the whole loss of $2,000 upon the animal.

5. Whether the rule for the adjustment of losses in such cases may be proved by the testimony of experts, is not here decided.

APPEAL from the County Court of *Dodge* County.

The defendant company issued three policies of insurance to the plaintiff, of five hundred dollars each, on his live stock. Each of these policies contained the following provision: "In all cases of other insurance upon the property, . . . . in case of loss or damage by fire, the insured shall not be entitled to demand or recover on this policy any greater portion of the loss or damage sustained than the amount hereby insured bears to the whole amount insured on said property." A loss having occurred, the defendant paid the plaintiff $724.96 on account thereof, claiming that to be the extent of its liability. The plaintiff claimed that its liability exceeded that sum, and brought this action to recover such excess. The complaint is in the usual form of complaints on fire insurance policies. As defenses to the action, it is alleged in the answer, 1. That the policies contained covenants that they should be void if the plaintiff procured other insurance on the property and failed to give notice thereof to the defendant and have the same indorsed on the policies; and that the plaintiff obtained other insurance thereon, but failed to give such notice. 2. That if the policies are valid, there was other insurance on the property, and under the clause that in case of loss the defendant should be liable only for a proportionate share thereof, it has already paid its share of the loss in full.

The cause was tried by the court without a jury. Witnesses called by the plaintiff testified to computations, produced by them, of the amount of the defendant's liability on the policies in suit, and also testified as experts in respect to the rule for adjusting the loss.

The judge found the facts as follows: "1. That on the 9th of August, 1870, the defendant company issued to the plaintiff three several policies of insurance, as stated in the complaint. 2. That on the 17th of September, 1873, a fire occurred whereby two steers of the value of $336, and one bull of the value of $2,000, property of the plaintiff, were destroyed by fire in the barn upon plaintiff's farm. 3. That notice and

proof of loss were duly furnished to the defendant. 4. That the loss of the bull and steers, so destroyed by fire, was covered by the three policies above mentioned to the amount of $1,500. 5. That the whole amount of loss sustained by the plaintiff, on said bull and steers, was $2,336. 6. That at the time the defendant issued the policies above mentioned, plaintiff obtained other insurance upon the same property covered by defendant's policies, which fact was known and understood by defendant's agent; and that plaintiff has not increased such insurance since the date of defendant's policies. 7. That at the time of such loss the plaintiff had the defendant's three policies above mentioned, for $500 each, on his live stock, in all $1,500. 8. That he had also other insurance in the North Missouri Insurance Company, for the sum of $1,666.67, on live stock, no one animal to be valued at more than $500. 9. That he had also other insurance in the Continental Insurance Company, for the sum of $1,666.67, on live stock, not to exceed $500 on any one. 10. That the amount of such loss for which each of said insurance companies is liable under the said policies, is as follows:

|  | | | | | | On Steers. | On Bull. | Total. |
|---|---|---|---|---|---|---|---|---|
| Continental, | - | - | - | - | - | $115 83 | $500 00 | $615 83 |
| North Missouri, | - | - | - | - | - | 115 83 | 172 42 | 288 25 |
| Madison Mutual, | - | - | - | - | - | 104 34 | 1,327 58 | 1,431 92 |
| Totals, | - | - | - | - | - | $336 00 | $2,000 00 | $2,336 00 |

"11. That the amount for which the defendant company is liable on said loss is $1,431.92. 12. That the defendant has paid the plaintiff on said loss the sum of $724.96. 13. That there is now due the plaintiff from the defendant on said three several policies, the sum of $706.96, with interest at seven per cent. from December 17, 1873, amounting to $34.46, in all, $741.32."

The conclusions of law were: "1. That the bull and steers destroyed by fire were covered by the defendant's policies, and

that defendant is liable on said policies. 2. That the plaintiff is entitled to a judgment against the defendant for the sum of $706.96, with $34.46 interest from December 17, 1873."

The plaintiff had judgment accordingly; and the defendant appealed.

*B. E. Hutchinson*, for appellant:

1. The loss was adjusted and paid upon the plaintiff's assurance that the applications were all written at the same time, when the contrary was the fact; therefore, the objection as to other insurance is not waived. *Security Ins. Co. v. Fay*, 22 Mich., 467. 2. Breach of this condition avoided the policy, though the insurer had knowledge of the additional insurance, or the other policies were void. *Forbes v. Ins. Co.*, 9 Cush., 470; *Pendar v. Ins. Co.*, 12 id., 469; *Conway Tool Co. v. Ins. Co.*, id., 144; *Ramsay W. C. Manuf'g Co. v. Ins. Co.*, 11 Upper Canada Q. B., 516; *Ins. Co. v. Slockbower*, 26 Pa. St., 199; *Blanchard v. Ins. Co.*, 33 N. H., 9; *Mellen v. Ins. Co.*, 17 N. Y., 609; *David v. Ins. Co.*, 13 Iowa, 69; *Mitchell v. Ins. Co.*, 51 Pa. St., 402; *Lackey v. Ins. Co.*, 42 Ga., 456; *Carpenter v. Ins. Co.*, 16 Pet., 495. 3. The liability of the defendant, if the policies are held valid, is purely a question of law, and not of skill or science in such sense as to make the testimony of experts admissible.

*S. U. Pinney*, for respondent, argued that the question as to whether or not the policies were cotemporaneous, was open to proof on the trial, and the finding of fact was conclusive (*Potter v. Ins. Co.*, 2 Mason, 475); that by payment and adjustment of the loss, with full knowledge of the facts, and claiming the benefit of the additional insurance, defendant had waived any objection founded thereon (*Hayward v. Ins. Co.*, 52 Mo., 181; *Security Ins. Co. v. Fay*, 22 Mich., 467); that the clause providing for adjustment of losses related only to concurrent insurance, to such as could be made to contribute to the loss in aid of the company in whose policy it was contained, and applied to the insurance of such underwriters

as were sureties with it, and only to the amount to which they were cosureties. In support of the apportionment made in the court below, he cited *Blake v. Ins. Co.*, 12 Gray, 265; *Lycoming Ins. Co. v. Mitchell*, 48 Pa. St., 367; *Nichols v. Fayette Ins. Co.*, 1 Allen, 63; *Baltimore Fire Ins. Co. v. Loney*, 20 Md., 20; *Richmondville Seminary v. Ins. Co.*, 14 Gray, 459; *Lucas v. Ins. Co.*, 6 Cow., 635; *Bousefield v. Barnes*, 4 Campb., 229; *Minturn v. Ins. Co.*, 10 Johns., 75; *Angelrodt v. Ins. Co.*, 31 Mo., 593; and *Hoffman v. Ins. Co.*, 32 N. Y., 405. As to the admissibility of the testimony of experts, he cited *Angelrodt v. Ins. Co.*, 31 Mo., 593–8.

LYON, J. It is not certified that the bill of exceptions contains all of the testimony; hence it must be presumed that the findings of fact are sustained by the proofs, although the testimony preserved in the bill may be insufficient for that purpose. We have only to determine whether such findings support the judgment.

It is objected that the findings fail to show the liability of the defendant, because it does not appear therefrom that the plaintiff gave notice of the additional insurance as required by the terms of the policies in suit. But it appears from such findings that the additional insurance was obtained at the time those policies were issued, and was not thereafter increased; that the defendant (through its agent) knew the fact at the time; and that, having such knowledge, the defendant paid a portion of the plaintiff's loss. These are verities in the case; and we think they fully sustain the validity of the policies.

It only remains to determine whether the county court correctly adjusted the plaintiff's loss. The adjustment is contained in the tenth finding of fact, although such finding is substantially a conclusion of law, and must be treated as such.

The live stock destroyed exceeded in value the amount of the risk taken thereon by the defendant, and, but for the other insurance thereon, the defendant would be liable to pay the

whole risk. The clause in the policies which reduces such liability, is as follows: "In all cases of other insurance upon the property, whether prior or subsequent to the date of this policy, in case of loss or damage by fire, the insured shall not be entitled to demand or recover on this policy any greater portion of the loss or damage sustained than the amount hereby insured bears to the whole amount insured on said property." The clause itself furnishes the rule of adjustment in reasonably plain terms, and there should not be much difficulty in the application of the rule to particular cases. Where there are several risks upon the same property, given the amount of each and of the loss, it is an easy process to apportion the loss to the several risks.

It is said on behalf of the defendant, that the aggregate of insurance on the live stock was $4,833\frac{1}{3}$ and the loss $2,336; and that the amount of defendant's liability is a mere problem in proportion, which may be stated and solved thus: $4,833\frac{1}{3}$: $1,500::2,336:725$. This process makes the defendant liable only for the sum which it voluntarily paid before the action was commenced, and, if correct, defeats the action. But is it correct? The plaintiff is entitled to full indemnity for his loss; that is, he is entitled to receive from the three companies who insured his live stock, $2,336. That is a right which he has paid for, and has not surrendered or stipulated away. It is entirely clear that the liability of the North Missouri company (stated in round numbers) is only $288, and that of the Continental but $616. So the formula given on behalf of the defendant falls short of full indemnity to the plaintiff, over $700. Hence, it is incorrect; and the error in it is very apparent.

It is true the plaintiff had insurance to the amount of $4,-833\frac{1}{3}$ on his steers, and also on his bull valued at $500, and to that extent the above formula is entirely applicable. But he had not that amount of insurance on the residue of the value of his bull. On such residue the North Missouri had no risk

whatever; the Continental had a risk limited by its contract with the plaintiff to $500 on the bull, which left only $327½ on the residue of his value over $500; and the defendant, after deducting its proportion of the loss on the steers and on the bull valued at $500 (being $260) had a risk of $1,240 on such residue. So, instead of having an insurance of $4,833⅓ on $1,500 of the value of his bull, the plaintiff had only $1,567½ insurance thereon. Suppose, instead of losing one bull worth $2,000, the plaintiff had lost two bulls, one worth $500 and the other $1,500; and suppose, also, that the North Missouri policy did not include the latter, and that the liability of the Continental on both bulls was limited to $500: the rule for adjusting the loss between the three companies would be perfectly plain. They would pay *pro rata* for the steers and the $500 bull. The Continental would pay $327½ of the value of the other bull, and the defendant would be liable for the balance thereof, being $1,172½.

We think the case supposed and the one under consideration are identical in principle and results, and that the learned county judge correctly adjusted the liability of the defendant for the plaintiff's loss.

We construe the contract before us and adjust and determine the liability of the defendant, in the light of legal principles as we understand them, without resorting to the opinion of experts; yet we use their *computations* precisely as a court may use a computation of the amount due on a promissory note, verified by a witness on the stand. It is unnecessary, therefore, to determine whether the rule of adjustment in this or any other case may be proved by the testimony of experts.

*By the Court.* — Judgment affirmed.