## ILLINOIS MUTUAL INSURANCE COMPANY
### v.
### SELLERS HOFFMAN.[1]

*Fire Insurance—Inconsistent Conditions—Construction—Indemnity.*

1.   The object of the contract of insurance being indemnity, such contracts must be construed liberally to that end.

2.  Where a clause in a policy is susceptible of two constructions, that which is most favorable to the assured, as regards indemnity for loss, must be adopted.  The same rule applies where two clauses are inconsistent.

[Opinion filed November 1, 1889.]

Appeal from the Circuit Court of Madison County; the Hon. B. R. Burroughs, Judge, presiding.

Messrs. Taylor & Pollard and Dale & Bradshaw, for appellant.

Messrs. Baker, McNulty & Baker, for appellee.

Reeves, P. J.    Appellee was the owner of a cotton mill located at Kellyville, Pennsylvania.    Through a firm of insurance brokers in Philadelphia, appellant issued to appellee its policy on this mill for $3,000.  The mill was burned, and this is a suit to recover that part of the loss covered by this policy.    The property insured was by the policy itemized (as it consisted of several distinct buildings) and the value of each item fixed, and the total value of all aggregated $90,000.    The policy contains this statement fixing the amount covered by the policy: "It is understood and agreed that the Illinois Mutual Insurance Company, of Alton, Illinois, covers, under this policy, No. 101,566, to which this specification is attached and made part thereof, one-thirtieth part of each of the above named sums, amounting in the aggregate to three thousand dollars ($3,000)."    The aggregate value of all the property, as shown by appellee's printed schedule furnished to appellant, was $90,000.    The total amount of insurance at the time of the fire was $60,000, and the total amount of the loss $51,000, as fixed by the adjusters of appellant, and the other insurance companies interested.    The question arising on the record is, what is the extent of appellant's liabilities under the terms of its policy.    Appellant contends that it is only liable for one-thirtieth of the loss, or $1,700, while appellee insists that it is liable for such proportion of the loss as will fully reimburse appellee for the loss sustained, and this pro-

portion would be $2,550. So far as shown, the whole $60,000 of insurance was under like.policies, and if the contention of appellant is accepted, appellee, instead of being reimbursed the full amount of his loss, would only receive two-thirds of his loss, or $34,000. This much is beyond dispute, that the aggregate value of all the property insured was estimated at $90,000, and the policy issued by appellant covered one-thirtieth part of each of the items of which the aggregate value was $90,000, so that the aggregate insurance of appellant upon appellee's property was $3,000.

The seventh stipulation, printed upon the back of the policy and made part of it, provides: "This company shall not be liable for a greater proportion of any loss sustained by the assured upon any property described in this policy, than the sum hereby insured bears to the whole sum insured thereon, whether such other insurance be by policies, specific or otherwise, or whether prior or subsequent to this insurance, or whether such other insurance be valid or not, and without reference to the solvency of other insurance companies." Following the rule laid down in this stipulation, the amount of the loss falling upon appellant would be $2,550. But it is contended that the provision in the policy by which appellant covered only one-thirtieth of the property described, made the policy one of co-insurance, so that if the loss should be less than $90,000—the estimated value of the property—then appellant would only be liable for one-thirtieth of the loss; and as the loss was fixed at $51,000, appellant's liability is for one-thirtieth of that sum, or $1,700. Indemnity is the real object and purpose of all insurance; that is, what the insured bargains for and what the insurer intends to provide. Mr. Phillips says (Phillips on Insurance, Sec. 124): "The predominant intention of the parties in a contract of insurance is indemnity, and this is to be kept in view and favored in putting a construction upon the policy." Having indemnity for its object, the contract is to be construed liberally to that end, and it is presumably the intention of the insurer that the insured shall understand, in case of loss, he is to be protected to the full extent which any fair interpretation will give.

Dow v. Hope Ins. Co., 1 Hall (Sup. Ct.) 174; Riggin v. Potopsco Ins. Co., 7 Ham. & J. (M. L.) 279.

The form of this policy is not the ordinary form. The portion of the policy about which the contention arises was written by appellant. It would have been an easy matter for appellant to have written this clause so there would have been no room for doubt as to what it meant. If, instead of the words "one-thirtieth part of each of the above named sums, amounting in the aggregate to $3,000," there had been inserted "one-thirtieth part of the loss on each of the above named items of property, not exceeding in the aggregate the sum of $3,000," the liability of appellant would have been free from all doubt. It will be found upon examination of the policy that there is no reference to other existing insurance, and the usual provision for notice of additional future insurance is omitted, and in its stead, privilege is given to make other insurance without notice until required. If it be conceded that this one-thirtieth clause of the policy is susceptible of two interpretations, then the rule is well established that in such case that construction which is most favorable to the insured in order to indemnify for the loss sustained shall be adopted. If the contract is so framed as to leave room for construction, the court should lean against that construction which would impair the indemnity of the insured. Teutonia Ins. Co. v. Mund, 102 Pa. St. 89 ; National Bank v. Ins. Co., 95 N. S. 673; In Comm. Ins. Co. v. Robinson, 64 Ill. 268, the court say: "Equivocal expressions in a policy of insurance whereby it is sought to narrow the range of the obligations these companies profess to assume, are to be interpreted most strongly against the company." See also Niagara Fire Ins. Co. v. Scammon, 100 Ill. 644; Schroeder v. Traders Ins. Co., 109 Ill. 157.

We think it must at least be conceded that the construction of appellant is not the only construction of the one-thirtieth clause of which it is susceptible. The first reading of the clause would seem naturally to make the impression that this clause simply distributed the $3,000 upon the several parcels of property insured in the proportion fixed by the

several values attached to each, and it is only by assuming that the contract was so limited that the insurer assumed to take a fixed part of a total insurance of $90,000, the remainder to be carried either by other insurers or by the assured, that the conclusion is reached that the loss, not being equal to the full value of the property, appellant is only liable for one-thirtieth of the loss. Again, if a policy contains two provisions on the same subject, and they are inconsistent and contradictory, that provision most favorable to the insured will be accepted and the other disregarded. N. W. Mut. Life Ins. Co. v. Haylett, 105 Ind. 212; Monlor v. American Life Ins. Co., 111 U. S. 335; National Bank v. Ins. Co., 95 U. S. 673. If appellant's construction of the one-thirtieth clause is correct, then that provision and the one contained in the seventh stipulation, printed on the back of the policy and expressly made a part of it, are inconsistent and contradictory; and as the provision in this stipulation is more favorable to the insured, it should, under the above rule, be accepted and the former disregarded. In any view we have been able to take of the case, we hold the judgment of the Circuit Court was right, and it is affirmed.

*Judgment affirmed.*