J. M. GETMAN

v.

GUARDIAN FIRE INSURANCE COMPANY.

*Fire Insurance Policy—Conditions in—Breach—Change in Title.*

1.    Where a clause in an insurance policy is ambiguous and uncertain, such construction as is most favorable to the insured must be adopted.

2.    In a given case an insurance company consented in writing to the assignment of the policy to the purchaser of the property insured by it, and placed upon the face of the policy the additional clause making the loss, if any, payable to the seller, who was known to the company to be the person originally insured, and who assigned the policy, the interest of the latter being known to the company to be that of a mortgagee, and that the object of inserting the clause making the loss payable to him, was one of additional security to him, under his mortgage; knowing these facts, the company was bound to know the law applicable to them, and that in case of default in payment of the mortgage indebtedness, the right of possession to the mortgaged property would vest at once in the mortgagee.

3.   The contract created by the policy in the case presented and the added clause, was one between the insurer, the insured, and the beneficiary.   Their relations to each other were within the contemplation of each contracting party, and neither one should be permitted to avoid a duty imposed by the contract, because of the interposition of a legal result, which, from the nature of the objects to be secured by the contract, must have been within the knowledge of all as one likely to follow.

4.   In view of the evidence, this court holds that the judgment for the defendant in an action based upon an insurance policy can not stand.

[Opinion filed December 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.

Messrs. HARBERT & DALEY, for appellant.

Mr. ELBERT H. GARY, for appellee.

MR. JUSTICE SHEPARD.  On the 1st of May, 1890, J. M. Getman, the plaintiff in the court below and appellant here, was the owner of certain personal property, situated on West Madison street, in the city of Chicago, and on that date took out a policy of insurance thereon, in the Guardian Fire Insurance Company, appellee.   On or about October 28, 1890, appellant sold the property to Mrs. Lizzie R. Kellogg, taking back a chattel mortgage thereon to secure a portion of the purchase money; and at the same time the policies were duly assigned to Mrs. Kellogg, and the consent of the company to such assignment duly indorsed thereon. At the time of said assignment, an indorsement was made upon the policy, as follows.: " Loss, if any, payable to J. M. Getman as his interest may appear," and signed by the agents of the company who issued the policy.

About December, 1890, Mrs. Kellogg having made default in the payment of a portion of the notes secured by the chattel mortgage, appellant placed the notes and mortgage in the hands of his attorneys, Richolson, Matson & Pease, for the purpose of taking such steps as might be necessary to collect the money.   On March 11, 1891, appellant was

taken sick and confined to his bed until after the 1st of May, 1891. In the meantime Mr. Pease, of the firm of Richolson, Matson & Pease, placed the mortgage in the hands of a constable for the purpose of foreclosure. The constable demanded and received possession of the property from Mrs. Kellogg's agent, and put up a notice of sale, and at the time fixed in the notice, there being no other bidders, Mr. Pease made a bid on the property of $2,000, in the name of Mr. Richolson, the senior member of the law firm, whereupon the constable declared the property sold for that amount. Mr. Pease and the constable then left, leaving the property in the possession of Mrs. Getman, the wife of appellant. Nothing further was done, and on April 12, 1891, the property was destroyed by fire. No bill of sale was ever executed or money paid.

Proper proofs of loss were made, both by Mrs. Kellogg, as owner, and by appellant, as mortgagee, and the insurance company refusing to pay, suit was brought upon the policy. The cause was submitted to the court without a jury, and judgment was entered for the defendant insurance company, and from that judgment this appeal is prosecuted. As stated by counsel for the insurance company, the defense is based upon a violation of one of the provisions of the policy, as follows:

" This entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void * * * if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured or otherwise."

And the violation relied upon is said to be that " after the policy was issued, and before the fire in question, there was a change in the possession and title of all the insured property, by reason of the wife of appellant, the mortgagee, taking possession under his mortgage, and by a regular foreclosure sale to a stranger."

We think, from the evidence, that Mr. Pease and the constable had no authority to foreclose the mortgage and make

the sale, and their acts in that regard never having been ratified, were, therefore, void as to appellant. Such being our conclusion concerning the foreclosure sale, the defense must rely upon the fact of the possession taken by appellant, as mortgagee, as constituting a change of possession within the meaning of the policy.

The clause in the policy upon the violation of which the defense is based, is followed by another clause, as follows : " If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

This latter clause must be read in connection with the former one.

As already stated, there was an indorsement of loss payable to appellant as his interest may appear, made upon the policy and signed by the agents of the company, at the time when appellant sold the insured property and assigned the policy to the purchaser, who mortgaged it back to him; and it is not contended that appellant's interest as mortgagee ever afterward ceased, unless by the attempted foreclosure sale already mentioned. The interest of appellant and the consent of appellee contemplated by the clause last quoted, therefore existed, and the conditions applicable to such a situation arose as provided in that clause.

It is provided that under such circumstances of interest on the part of one other than the insured, and the consent of the company, " the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto." The meaning of the language just quoted is not obvious. If it means that the conditions theretofore expressed in the policy shall apply in the manner expressed in the provisions and condi-

tions accompanying and being a part of the clause stating to whom the loss should be payable, the answer is there were no provisions or conditions accompanying such clause, except the words " as his interest may appear."

If the language applies to all the conditions of the policy which relate to the interest of a mortgagee, then the question as to the liability of appellee falls back upon whether the first quoted clause has been violated or not.

We confess our inability to clearly comprehend what is meant by the clause, and if it is ambiguous and uncertain, the rule is well settled that such construction as is most favorable to the insured must be adopted.    May on Insurance, Sec. 175; Niagara Fire Ins. Co. v. Scammon, 100 Ill. 649; Illinois M. J. Co. v. Hoffman, 31 Ill. App. 295; Travelers Ins. Co. v. Kelsey, C. R. 4498.

But, assuming that the issue is confined solely to the question of violation of the clause relied upon by the defense, we are of opinion that no such change as is contemplated by the terms of the policy, did in fact occur.

The company consented in writing to the assignment of the policy to the purchaser of the property insured by it, and at the same time placed upon the face of the policy the additional clause making the loss, if any, payable to appellant, who was known to the company to be the person originally insured, and who assigned the policy.    Presumably, and inferably, also, from a note to the indorsement of assignment, the company, under the circumstances, knew the interest of appellant to be that of a mortgagee, and that the object of inserting the clause making the loss payable to him, was one of additional security to him, under his mortgage.    Knowing these facts, the company was bound to know the law applicable to them, and that in case of default in payment of the mortgage indebtedness the right of possession to the mortgaged property would vest at once in the mortgagee.

The contract created by the policy and the added clause, was one between the insurer, the insured, and the beneficiary.    Their relations to each other were within the con-

templation of each contracting party, and neither one should be permitted to avoid a duty imposed by the contract because of the interposition of a legal result which, from the nature of the objects to be secured by the contract, must have been within the knowledge of all as one likely to follow.

No new parties have come in to claim the benefit of the contract. The insured has still the same interest as at the time of entering into the contract, to have the money indemnity afforded by the policy applied in payment of her debt, and the beneficiary the same interest to get that indemnity. They were both, in a sense, insured, and a mere shifting as between themselves of possession of the property covered by the policy, can in no way relieve the company from its liability. Allemania F. Ins. Co. v. Peck, 133 Ill. 220; German Ins. Co. v. Churchill, 26 Ill. App. 206; Bragg v. N. E. F. Ins. Co., 25 N. H. 296.

Having indemnity for its object the contract should be liberally and fairly construed so as to protect those who are covered by it.

In any view, we are unable to concur in the judgment of the court below, and it will therefore be reversed and the cause remanded.

*Reversed and remanded.*