FUNKE ESTATE, APPELLEE, v. LAW UNION & CROWN INSURANCE COMPANY, APPELLANT.

FILED DECEMBER 18, 1914. No. 17,950.

Insurance: CONSTRUCTION OF POLICY. Where an insurance policy contains inconsistent provisions, the courts, in case of loss, will adopt the provision which is most favorable to the assured and offers the protection which a fair interpretation of the policy will give him.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*C. C. Flansburg* and *L. A. Flansburg,* for appellant.

*C. Petrus Peterson, contra.*

BARNES, J.

This was an action on an insurance policy, by which the Law Union & Crown Insurance Company of London, England, insured the Funke Estate for loss by fire of rents on its building situated on lots 1, 2 and 3, in block 56 of the city of Lincoln, to the amount of $3,000. The policy was attached to the plaintiff's petition, was made a part thereof, and was referred to as an exhibit.

It was alleged, among other things, that the defendant, for the sum of $45 paid by plaintiff as a premium, insured that plaintiff for the term of three years against loss of rents by fire, the defendant agreeing "that, in case the above named building, or any part thereof, shall be rendered untenantable by fire, this company shall be liable to the assured for the actual loss of rent ensuing therefrom, not exceeding the sum insured." The petition contained the following allegation: That plaintiff's loss by fire was $986.50, and of that loss the defendant is liable on its insurance policy for the sum of $246.62, for which sum, with an attorney's fee, the plaintiff prayed judgment. The petition contained all of the other averments necessary to recovery.

The defendant, by its answer, admitted that it issued its policy of insurance and delivered the same to plaintiff; that the policy was in writing, and was for the term of three years, from December 23, 1909, to December 23, 1912; and denied each and every other allegation contained in paragraph 3 of plaintiff's petition. Defendant alleged that the policy contained the express agreement that, in case of loss, the defendant should be liable only in the proportion that the sum insured under its policy should bear to the actual rental value of the premises at the time of the fire, but not exceeding, in any event, the sum of $3,000. It was

further alleged that the annual rentals arising out of plaintiff's building and premises for the 12 months immediately preceding the fire amounted to $25,584.92, and that other rental insurance was taken out by the defendant company in amounts as follows: In the Agricultural Insurance Company a policy for $2,500; in the North River Insurance Company a policy for $2,500; and in the National Union Fire Insurance Company a policy for $4,000, so that the total rental insurance on the 1st day of April, 1913, was the sum of $12,000, including the policy of the defendant.

Defendant admitted that, while the policy was in full force and effect, on the 1st day of April, 1912, the building so insured was damaged by fire, and parts of said building were rendered untenantable from the 1st day of April, 1912, to the 1st day of June, 1912, and that the amount of rentals under the leases on the rooms and portions of the building so rendered untenantable was in the aggregate sum of $986.50, and alleged that its policy limited the liability of the defendant company to the proportion that the sum of all of the insurance should bear to the actual rental value of the premises at the time of the fire, which was the sum of $115.67, which sum the defendant offered to pay the plaintiff.

The plaintiff demurred to the defendant's answer. The demurrer was sustained. The defendant refused to plead further, and judgment was rendered for the plaintiff for the sum of $246.62. The defendant has appealed.

It is contended that, by the terms of the policy, defendant is only liable to the plaintiff for the sum of $115.67 on account of the loss, while the plaintiff insists that the amount of the defendant's liability is $246.62, and, in our opinion, this question is fairly presented by the pleadings. The provisions of the policy, so far as they are material to this issue, are as follows:

"(1) Law Union & Crown Insurance Company, in consideration of the stipulations herein named, and of $45 premium, does insure the Funke Estate for a term of three years * * * against all direct loss or damage by fire,

except as hereinafter provided, to an amount not exceeding $3,000.

"(2)  It is understood and agreed that, in case the above named building, or any part thereof, shall be rendered untenantable by fire, this company shall be liable to the assured for the actual loss in rent ensuing therefrom, not exceeding the sum insured.

"(3)  Other concurrent insurance permitted.

"(4)  It is understood and agreed that, in case of loss, this company shall only be liable in the proportion that the sum insured under this policy bears to the actual annual rental of the premises at the time of the fire.

"(5)  This company shall not be liable under this policy for a greater *proportion of any loss* on the described property  *  *  *  than the amount hereby insured shall bear to the whole insurance  *  *  *  covering such property."

The first and fifth provisions appear in the printed part of the policy, and the second, third, and fourth in a typewritten slip attached thereto.  It must be conceded that, if the defendant's liability is determined by the second and fifth provisions of the policy, the judgment of the district court is correct; but, if the liability is measured by the terms of subdivision four, the judgment must be reversed. The policy provides for other insurance, and it appears that at the time of the loss the total insurance on the building amounted to $12,000.  By apportioning the loss between the companies according to the terms of the second and fifth subdivisions of the policy, the defendant would be required to pay three-twelfths of the $986.50. Two of the other companies would be required to pay five-twelfths, and the remaining company would pay four-twelfths of the total loss.  If the defendant's contention is adopted, and the limitation contained in the printed provision of the policy prevails, defendant, instead of being liable for three-twelfths of the loss, would only be liable for such proportion thereof as the amount of its policy bears to the rental value, which defendant alleged

was $25,584.92, and the plaintiff would recover $130.95, less than the amount of his loss.

In 1 Phillips, Insurance (4th ed.) sec. 124, it is said: "The predominant intention of the parties in a contract of insurance is indemnity, and this intention is to be kept in view and favored in putting a construction upon the policy." "Having indemnity for its object, the contract is to be construed liberally to that end, and it is presumably the intention of the insurer that the insured shall understand in case of loss he is to be protected to the full extent which any fair interpretation will give." *Illinois Mutual Ins. Co. v. Hoffman*, 31 Ill. App. 295. See, also, *Sherman v. Madison Mutual Ins. Co.*, 39 Wis. 104. The provisions of subdivision two and subdivision four are inconsistent and cannot both be enforced. Where a policy contains two provisions on the same subject, and they are inconsistent and contradictory, that provision most favorable to the insured will be accepted, and the other disregarded. *Northwestern Mutual Life Ins. Co. v. Hazelett*, 105 Ind. 212; *First Nat. Bank v. Hartford Fire Ins. Co.*, 95 U. S. 673; *Illinois Mutual Ins. Co. v. Hoffman, supra;* *Connecticut Fire Ins. Co. v. Jeary*, 60 Neb. 338; *Imperial Shale Brick Co. v. Jewett*, 169 N. Y. 143.

The construction placed upon the policy by the district court accords with the rule announced in the cases above cited. By the terms of the policy sued on, the plaintiff did not agree to carry any insurance in addition to this policy. The paragraph of the policy on which the defendant relies does not provide for other insurance. It does not fix a percentage of insurance to be carried. It does not contain an agreement on the part of the assured to be a coinsurer. It does not limit the liability of the defendant to any particular percentage or proportion of the loss, where the loss is less than the amount insured. By the judgment of the district court the plaintiff has total indemnity up to the sum insured, and, the loss being less than the amount of the insurance, plaintiff was entitled to full indemnity as prayed in its petition. This construc-

tion of the provisions of the policy is more favorable to the insured than the one suggested by the defendant.

It follows that the judgment of the district court was right, and is

AFFIRMED.

LETTON, ROSE and FAWCETT, JJ., not sitting.