ANNA ZANTOW, APPELLEE, V. OLD LINE ACCIDENT INSUR-
ANCE COMPANY, APPELLANT.

FILED JULY 16, 1919.    No. 20513.

Insurance: POLICY: CONSTRUCTION. Special provisions in a policy
of life insurance will not be so construed as to defeat or limit
the benefits of the policy unless they are so clear and definite as
to require such construction, and are not inconsistent with other
provisions of the policy.

APPEAL from the district court for Perkins county:
ERNEST B. PERRY, JUDGE. *Affirmed.*

*Thomas W. Blackburn,* for appellant.

*G. B. Hastings* and *B. F. Hastings, contra.*

SEDGWICK, J.

W. F. Zantow had a policy of insurance in the defend-
ant company and was killed in a railway accident. This
plaintiff, who is his widow, and was the beneficiary under
the policy, brought this action to recover thereon. The
policy provided that, in case of death of the insured by
accident, the company would pay the beneficiary $1,000.
It also contained a provision: "If the insured sus-
tains injury, fatal or otherwise, or contracts illness, after
having changed his occupation to one classed by the
company as more hazardous than that herein stated, or
while doing any act or thing pertaining to any occupa-
tion so classed, then this insurance shall not be forfeited,
but the liability of the company shall be only for such
proportion of the principal sum or other indemnity as
the premium paid by the insured will purchase at the
rates fixed by the company for such more hazardous
occupation." It also contained a special provision for
insurance while traveling. The trial court found that
the assured had not changed his occupation within the
meaning of the policy, and rendered judgment for $1,000,
and also found that the plaintiff was not entitled to re-

cover the special insurance against accident while traveling. From the finding in favor of the plaintiff, the defendant has appealed; and the plaintiff has taken a cross-appeal.

Two questions are discussed in the briefs: Had the assured changed his occupation to a more dangerous one? And was the assured at the time of the accident "riding as a passenger in the inclosed part of a railway passenger car" within the meaning of the policy? At the conclusion of the evidence, each party moved the court for an instructed verdict. The court thereupon discharged the jury and decided the case as submitted to the court upon the evidence. Under such circumstances, the findings of fact by the trial court are not to be disturbed upon appeal, unless under all the circumstances they are clearly wrong.

The definition of "traveling" in the policy is: "While riding as a passenger in the inclosed part of a railway passenger car or street car, or licensed steamboat, or licensed passenger elevator provided for the exclusive use of passengers, and due directly to the wrecking of such conveyance." The words "for the exclusive use of passengers" must be considered as applying only to "licensed passenger elevator;" and the fact that officers or agents of the railroad company may also have ridden in this car is immaterial.

"A person traveling on a freight train on a stock shipper's pass or contract, for the purpose of attending to and caring for the live stock being shipped on such train, sustains the relation to the carrier of passenger, but in a restricted and modified sense." *Chicago, B. & Q. R. Co. v. Troyer*, 70 Neb. 293. *Otto v. Chicago, B. & Q. R. Co.*, 87 Neb. 503.

The plaintiff called as a witness the station agent at the station where the deceased took the train, and he testified that the train was a regularly scheduled train, and that it carried passengers; that he sold passenger tickets for that train continually. On cross-examination

he was asked if the rules of the company provided for selling passenger tickets for that train, and answered that they did. He was asked if he had a copy of those rules with him, and answered that he had not.

The defendant called as a witness the chief clerk in the office of the general solicitor of the company. It appears that several people lost their lives in this accident, and this clerk was sent immediately to the scene of the accident to make investigations. He was asked whether the rules of the company authorized selling passenger tickets for that train, and answered that they did not, and also testified that it was not a passenger train. This evidence was taken by deposition, and although no objection to the evidence was entered in the deposition, the plaintiff's attorney, upon the filing of the deposition, filed objections on the ground that the witness had not shown himself to be competent, and that his evidence was not the best evidence, and that the evidence itself was incompetent and immaterial.

Other witnesses were examined by the plaintiff, who were on this train at the time of the accident, and who testified that there were several passengers in this car at the time, including several women who had paid regular fares as passengers. The court is not concerned with the question whether the railroad company makes rules not intended to be enforced. The question is whether as a matter of fact this car was at the time engaged in passenger service.

The evidence shows conclusively that this car, in which the insured was at the time of the accident, was a passenger car, as defined in our former decisions and the decisions of other courts. In *Funke Estate v. Law Union & Crown Ins. Co.*, 97 Neb. 412, it is held: "Where an insurance policy contains inconsistent provisions, the courts, in case of loss, will adopt the provision which is most favorable to the assured and offers the protection which a fair interpretation of the policy will give him." And this court has several times defined the position

of one who accompanies his stock as caretaker. *Chicago, B. & Q. R. Co. v. Troyer*, 70 Neb. 287, 293; *Otto v. Chicago, B. & Q. R. Co.*, 87 Neb. 503.

The policy is unsual and peculiar; its terms cover several sheets of closely printed matter. The provisions in regard to the special traveling insurance are sufficiently plain as to what shall constitute "traveling," but are indefinite as to the protection given to the insured. This was a valuable part of the insurance, and the defendant received in the premium the consideration for this special contract. It would seem inconsistent to hold that the insured was a passenger in "a railway passenger car" with the rights of a traveler under his policy, and at the same time was engaged in a more hazardous occupation than that contemplated in the insurance of travelers. The policy is so complicated on some points and so indefinite on others that it is difficult to find the real intention. The familiar rule is that under such circumstances the construction must be against the insurer, who should have made the exception that would defeat the policy clear and certain.

The trial court evidently considered that neither of these special variations from the principal feature of the policy could be enforced under conditions disclosed by the evidence. We cannot say that in applying and construing this evidence the court was so clearly wrong as to require a reversal.

                                        AFFIRMED.

MORRISSEY, C. J., and ALDRICH, J., not sitting.