EVAN L. REED MANUFACTURING COMPANY, Appellant, vs.
B. HEINEMANN LUMBER COMPANY, Respondent.

*October 19—November 15, 1921.*

*Sales: When payment due: Construction of contract by parties.*

A conclusion of law that the phrase "Terms two per cent. fifteen
days from date of invoice" on the face of an invoice meant
that if payment was not made within fifteen days the whole
amount was due, is sustained as a finding of fact upon evi-
dence showing that such was the construction placed upon the
phrase by both parties, although among the printed conditions
upon the back of the invoice, incorporated by reference into
the contract, was one which provided that payment was due
in sixty days. JONES, ESCHWEILER, and OWEN, JJ., dissent.

APPEAL from a judgment of the circuit court for Mara-
thon county: A. H. REID, Circuit Judge. *Affirmed.*

Breach of contract. On November 17, 1919, the plaintiff
and defendant entered into a contract by which the plaintiff
agreed to purchase and the defendant agreed to sell 200,000
feet of basswood lumber. The contract contained the usual
clauses as to grading, time of shipment, and other matters
not material upon this appeal. The contract was written
upon an invoice form, and at the top on the face of the
invoice there appeared the following: "Terms two per cent.
fifteen days from date of invoice."

Upon the margin on the face of the invoice was the fol-
lowing in print:

"Gentlemen: Please accept our thanks for this order,
which is taken subject to the conditions on the back thereof,
unless otherwise specified.

"Please compare this carefully with your copy and report
any corrections promptly.

"Yours truly,
"B. HEINEMANN LUMBER CO."

As a part of the contract which was on the face of the
invoice blank the following was typewritten:

"This proposition is written in duplicate, and the ac-

Evan L. Reed Mfg. Co. v. B. Heinemann L. Co. 175 Wis. 330.

ceptance of same by you, including the conditions on the reverse side of this sheet, unless otherwise specified, is made a part thereof, shall constitute the contract between us.

> "B. HEINEMANN LUMBER CO.,
> "By W. B. Heinemann,
> > "Vice-President."

Upon the face of the contract there was the following acceptance:

> "Accepted:
> > "EVAN L. REED MFG. CO.,
> > "Evan L. Reed, Pres."

On the reverse side of the sheet, among other conditions, was the following:

"The bill for material, not including freight, is payable in sixty days, and is subject to a discount of two per cent. if paid within fifteen days from the date of invoice. If paid after fifteen days and before thirty days, a discount of one per cent. will be allowed, but no discount shall be taken after thirty days from the date of the invoice."

Upon the back or reverse side of the sheet was the following provision:

"The making of payments herein agreed to be made shall be a condition precedent to the purchaser's right to require further performance of this contract, and in case of default in making any payment it is agreed that the seller may, if he so elects, after demanding payment in writing by mail addressed to the purchaser at Sterling, Ill., and such default shall continue five (5) days thereafter, cancel this contract."

On February 14, 1920, the defendant shipped to the plaintiff one carload of lumber at the delivered price of $1,820.96. The defendant claimed that by the terms stated on the face of the contract the amount of the invoice was due fifteen days from the date thereof, which was February 14, 1920. The plaintiff contends that the same did not become due until the expiration of sixty days.

On February 28th the defendant mailed to the plaintiff a statement of account for the amount of $1,820.96, less freight, adding the words "now due."

On March 3d defendant mailed to the plaintiff a duplicate of the same statement with the words added: "Past due. Remit at once to comply with the contract."

On March 4th the plaintiff mailed to defendant a letter acknowledging receipt of the February 28th statement, and saying:

"Note that shipment of February 14th of $1,820.96, less freight, is now due. The freight amounted to $160.05 and we are inclosing the expense bill.

"We had overlooked the fact that you had made this in the contract two per cent. fifteen days."

This was followed by a request by the plaintiff to the defendant to accept the plaintiff's note due in the middle of April. March 8th the defendant replied that it would not accept the note. Thereupon, on March 11th, the plaintiff forwarded to the defendant its check for the amount of the statement less freight and two per cent. discount.

On March 16th defendant acknowledged receipt of the check and returned it, stated that payment should have been made on February 29th, called attention to the special provision of the contract for cancellation in case of default and the fact that default had occurred, and added: "This letter will be your advice that we are canceling our contract with you." Although the plaintiff requested the defendant to make further shipments none were made, and this action was brought to recover damages accruing to the plaintiff by reason of the refusal of the defendant to make further deliveries. There was a judgment in favor of the defendant, from which the plaintiff appeals.

For the appellant the cause was submitted on the briefs of *Regner & Ringle* of Wausau.

For the respondent there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt* and *Fred W. Genrich.*

ROSENBERRY, J. By the terms of the contract the defendant was entitled to cancel it in case there was a default in the

making of any payment after such default should continue five days thereafter. If, as defendant contends, the amount of the first shipment was due February 29th, there was a default which continued for five days after notice and the defendant was within its legal rights in canceling the contract. If the amount of the first shipment was not due until sixty days after date of shipment, as claimed by the plaintiff, the plaintiff is clearly entitled to recover any damages sustained by it by reason of the refusal of the defendant to continue the performance of its contract. The contract says:

"That the condition on the reverse side of the sheet is made a part of the contract unless otherwise specified."

Upon the face of the contract, in typewriting, appears: "Terms two per cent. fifteen days from date of invoice." On the reverse side of the contract, in printing, appears the provision:

"The bill for material, not including freight, is payable in sixty days, and is subject to a discount of two per cent. if paid within fifteen days from the date of invoice. If paid after fifteen days and before thirty days, a discount of one per cent. will be allowed, but no discount shall be taken after thirty days from the date of the invoice."

It is the contention of the plaintiff that the statement appearing upon the face of the contract, "terms two per cent. fifteen days from date of invoice," is merely a repetition of a part of the statement contained upon the back, and that the conditions upon the back control because they are not otherwise specified. The plaintiff further contends that the contract is unambiguous, and that within the doctrine of *Hart v. Hart,* 117 Wis. 639, 94 N. W. 890, evidence cannot be received to explain the contract.

A solution of the question depends entirely upon the meaning of the phrase "two per cent. fifteen days from date of invoice." If this phrase, standing by itself, means that the buyer shall be entitled to two per cent. discount if the bill be paid within fifteen days from date of invoice and that if not paid within fifteen days it shall be due without dis-

count thereafter, as the trial court found, then the terms of sale so specified are certainly other than the terms set out on the reverse side of the contract and so are "otherwise specified." Although this is the pivotal question in the case, no evidence, except the correspondence between the parties, was offered by either party to explain the meaning of this phrase. Shipment was made February 14th. On February 28th the defendant at Wausau sent a bill to the plaintiff at Sterling, Illinois, for the amount less freight, stating thereon, "Now due." In response to this the plaintiff wrote the defendant on March 4th as follows:

"We had overlooked the fact that you had made this in the contract, two per cent. fifteen days. . . .

"We will, of course, pay you in cash if you insist on it, but inasmuch as we will not be able to use the lumber until it is paid for and we ordinarily have sixty days' time, we trust that this will be perfectly satisfactory to you."

In the letter the plaintiff asks the defendant to accept a note for forty-five days.

March 3d the defendant sent the plaintiff a second statement upon which was written, "Past due. Remit at once to comply with contract."

On March 11th the plaintiff wrote the defendant as follows:

"We have yours of March 8th and note that you cannot accept the note that we sent you. We are therefore sending you check less two per cent."

On March 16th the defendant wrote the plaintiff, reciting the terms of the contract, claimed that the invoice was due February 29th, claimed that the plaintiff was in default, and canceled the contract. It was not until after the receipt of defendant's letter canceling the contract that plaintiff set up the claim that the conditions as to terms found upon the reverse side of the contract governed, and throughout the correspondence there is no claim on the part of the plaintiff that the phrase "two per cent. fifteen days from date of invoice"

does not mean that the buyer is entitled to two per cent. if payment is made within fifteen days and that thereafter the bill is due.   The contention made by the plaintiff was that the clauses should be construed together and that when so construed there was no inconsistency.   We think the circuit judge was clearly right in holding upon the evidence in this case that the phrase "two per cent. fifteen days from date of invoice" meant that if the amount of the invoice was not paid within fifteen days the whole amount was thereafter due. This was the construction placed upon it by both parties.   The plaintiff could have had no other meaning in mind when it said in its letter of March 4th: "We had overlooked the fact that you had made this in the contract two per cent. fifteen days.   We will pay in cash if you insist."   Plaintiff opened negotiations for a modification of the terms, but did not deny that the defendant's claim as to the meaning of the phrase "two per cent. fifteen days from date of invoice" was proper. Whether the statement of the terms on the face of the contract overrode, under the terms of the contract, the provisions upon the reverse side, was a question involving the construction of the contract and a question of law. The plaintiff has never at any time offered any evidence or set up any claim in its correspondence that the meaning of the phrase "two per cent. fifteen days from date of invoice" is other than that found by the trial court.   While the finding of the trial court that the phrase meant "that the purchaser is entitled to two per cent. discount on the price if paid within fifteen days, and if not so paid then the full amount becomes due at the expiration of the fifteen days," is found among the conclusions of law, it might more properly have been included among the findings of fact.   Although denominated a conclusion of law it will be treated as a conclusion of fact. *Sherman v. Madison Mut. Ins. Co.* 39 Wis. 104.   The evidence is ample to sustain the finding.   In fact, upon the record as it stands, no other conclusion can be arrived at.

*By the Court.*—Judgment affirmed.

The following opinion was filed December 13, 1921:

JONES, J. (*dissenting*). It was expressly provided that the conditions on the back of the contract were a part of it. These provisions were clear and explicit, without any ambiguity, and by their terms the payment became due in sixty days. Detailed provisions were made for discounts of different amounts depending on the dates of payment. We cannot agree that this definite and unambiguous language of the contract is changed by the words "two per cent. discount fifteen days from date of invoice." This clause is not necessarily inconsistent with the others. We construe it as merely having the effect of emphasizing the privilege, fully stated in the other clause, of taking the discount if prompt payment should be made.

It was only by taking judicial notice of an alleged custom of trade that the short clause on the face of the contract meant that payment was due in fifteen days that the trial court could reach the conclusion arrived at. Such a custom is asserted by respondent and as confidently denied by appellant. The contract was prepared by respondent, and if there was any ambiguity it should not be construed in its favor. This familiar rule applies with peculiar force when, as here, a construction is urged which operates as a hardship, almost a penalty, to the other party. In view of the definite and unambiguous language in the clause fully expressing the terms of the agreement, I am convinced that if respondent's counsel relied on a custom nullifying such terms it was incumbent on them to prove it.

I do not think that the conclusion of the trial court referred to in the opinion can be treated as a finding of fact in any way controlling our action, for two reasons. In the first place it was not made as a finding of fact; in the second place there was no conflict in the evidence, and the conclusion reached by the court was based wholly on documentary evidence and was properly called a conclusion of law.

It is my view that the contract became binding on both parties when made; that it was definite and certain, and could not be changed to the serious detriment of appellant without its consent. It seems to me very clear that there was nothing in the subsequent correspondence which changed the contract, or which can be regarded as a construction by the parties modifying its plain language.

I am authorized to state that Mr. Justice ESCHWEILER and Mr. Justice OWEN concur in the foregoing dissenting opinion.