JAMES SLOAN, APPELLEE, V. J. S. HARRINGTON, APPELLANT.

FILED FEBRUARY 21, 1929. No. 26719.

*Dressler & Neely* and *Amos Henely*, for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

In this action a judgment was recovered by appellee Sloan against appellant Harrington for the sum of $15,000, which on hearing of motion for new trial was, by the court, reduced to $10,000, to reverse which judgment Harrington appeals, and as to the reduction of the amount of recovery from $15,000 to $10,000 Sloan files a cross-appeal.

The city of Omaha was desirous of constructing a storm sewer, and in pursuance thereof let the contract for such construction to the Keystone Pipe & Construction Company, hereinafter called the Keystone Company, and at the same time required it to take out compensation insurance as by the compensation statutes of this state provided. The Keystone Company then sublet a segregated part of the enterprise to Harrington, and as a part of such subletting required him to provide himself with compensation

insurance. In furtherance of that part of the enterprise retained by the original contractor, it employed Sloan, appellee, to lay pipe in trenches excavated and conditioned by Harrington and his employees. As Sloan, in the course of his employment, was so placing a section of pipe, through the negligence of Harrington and his employees, and without fault on the part of the Keystone Company or Sloan, the latter was seriously and permanently injured to his great damage.

It will be seen that all parties involved herein were, so far as their respective contracts are concerned, proceeding under our compensation statutes. The petition is in usual form in actions brought by an employee damaged as charged in this case, by a "third person" as that term is used in section 3041, Comp. St. 1922. Sloan, in his petition, claims in substance that Harrington is, as to him, such a "third person," and thus liable to him at common law for all the damage caused by the negligence of Harrington personally, or by and through his employees. Thus, there is this question, among others, presented: Is Harrington a "third person" within the meaning of section 3041 aforesaid as to Sloan, and indirectly as to the Keystone Company?

It is the contention of Harrington that, as the original contract included the whole project, and the owner required the contractor to provide himself with compensation insurance, and the contractor required the subcontractor to do likewise, the surrender, covered by the statutes involved, of the right to prosecute an action at common law for damages arising from the actionable negligence of another applies to each and all of such parties and their employees; and, further, that the elective compensation provided by our compensatory act is Sloan's sole recovery.

We are convinced that, under the record in this case, such surrender is one that applies solely to the Keystone Company and its injured employee, Sloan; further, that Harrington is a "third person" as to Sloan, and thus liable as by the latter claimed.

To avoid the effect of the foregoing conclusion, however, it is insisted by Harrington that his employees and those of the Keystone Company, in that part of the enterprise out of which the injury to Sloan arose, were, as a matter of fact, jointly acting. This contention is not sustained by the record, and needs no further consideration. Thus, as above determined, Harrington is a "third person." *Boyd v. Humphreys, ante,* p. 799; *Peterson v. Humphreys, ante,* p. 804; *Matthews v. Crancer Co., ante,* p. 805. The question of whether or not the term "third person" can be applied to employees of an immediate employer, as between themselves, is left undetermined in this action, as it was in each of the cases above cited.

Another ground relied on for reversal is that the trial court erred in permitting the attorneys for Sloan to inquire of the defendant on cross-examination as to whether or not he carried liability insurance, and as to whether or not he, personally, employed the attorneys for the defense. The rule permitting of such inquiries was promulgated by this court in *Jessup v. Davis,* 115 Neb. 1, in which case we again construed section 25, art. V of the Constitution of this state as amended in 1920, aided by previous decisions of this court cited in the *Jessup* case. Such rule was in full force at the time of the trial of the instant action, hence, as stated in *Frickel v. Lancaster County,* 115 Neb. 506, 514, this rule "is of course binding on us in review of this case." The purpose of such inquiries, and others of a kindred nature, is to inform the court, jury, attorneys, and litigants as to the true status and actual interest of the parties concerned as well as those participating in the litigation. When this purpose has been met the inquiry should cease. Further, if requested so to do, the court should, by an' appropriate instruction, limit the jury's consideration of such elicited testimony to the purpose permitting its reception in evidence. The record before us does not disclose such a request. We do not find the questions propounded to the defendant in the instant case of such a character as to

prejudicially influence the jury, or to deny Harrington due process of law.

We have also given consideration to the challenge of Harrington that the judgment is not supported by the evidence; likewise, the challenge of Sloan, presented by his cross-appeal, that the court erred in reducing the amount of recovery as found by the jury. In doing so, we have carefully examined the entire record, and conclude that the judgment finally rendered is supported thereby.

No reversible error appearing in the record before us, the judgment of the trial court is

AFFIRMED.