EDWIN NICHOLS, APPELLEE, V. OWENS MOTOR COMPANY, APPELLANT.

FILED APRIL 17, 1931. No. 27492.

*Morrow & Morrow,* for appellant.

*Mothersead & York, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

DAY, J.

This was an action for damages for personal injuries brought by Dr. Nichols against the Owens Motor Company. The defendant was engaged in selling automobiles and the plaintiff was a prospective customer. While an agent of the company was demonstrating an automobile to the plaintiff for the purpose of consummating a sale of said car, the accident occurred and the plaintiff was injured. From a verdict and judgment in favor of the plaintiff, the defendant appeals.

In this case, after the jury had been impaneled and sworn, the plaintiff, in his opening statement, stated that he would prove that the defendant was indemnified by a policy of public liability insurance. Thereafter, he proved by his first witness that the defendant was so indemnified. "It is not improper to ascertain at the beginning of the trial and while the jury are being impaneled whether an insurance company is interested in the defense of an action for personal injuries, and whether any agent or officer of such corporation is upon the panel, so that the right of challenge may be understandingly exercised." *Penhansky v. Drake Realty Construction Co.*, 109 Neb. 120. See, also, *Egner v. Curtis, Towle & Paine Co.*, 96 Neb. 18; *Koran v. Cudahy Packing Co.*, 100 Neb. 693. The reason that plaintiff is permitted to show the interest of an insurance company is to determine whether the relationship of the prospective jurors and the insurance company was such as would disqualify them, because by implication they might be biased and prejudiced.

Again, we have held that it is proper for the plaintiff in a personal injury action by appropriate interrogatories on cross-examination of the defendant or any of his witnesses to show that the defendant is indemnified from loss by an insurance company. *Miller v. Central Taxi Co.*, 110 Neb. 306; *Jessup v. Davis*, 115 Neb. 1; *Frickel v. Lancaster County*, 115 Neb. 506. "The purpose of such inquiries is to inform the court, jury, attorneys, and litigants as to the true status and actual interest of the parties concerned as well as those participating in the litigation." *Sloan v. Harrington*, 117 Neb. 809.

To summarize: The rule relative to showing the interest of an insurance company in the litigation is that a plaintiff may show the fact of insurance for the purpose of intelligently questioning jurors on *voir dire* examination and that he may also cross-examine the witnesses for the defendant in order to show their motive, bias, or interest. No reason of the rule required or permitted the introduction of the testimony upon direct examination by the plaintiff as part of his case in chief to prove that the defend--

ant was indemnified from loss by a policy of insurance. At the time of the introduction of this testimony the jury had been impaneled and sworn and the information was not necessary or useful for an intelligent examination of prospective jurors. At that time no witness had testified for the defendant. Therefore, there was no question of the motive, bias or interest of any witness and the introduction of such testimony was clearly improper. The defendant objected to the opening statement of the attorney and objected to every question asked of the witness who testified relative to the matter of insurance. It has been repeatedly suggested by this court that, when the purpose of an inquiry relating to insurance has been met, it should cease, and it is the duty of the trial judges to restrict the inquiry to these purposes. *Sloan v. Harrington,* 117 Neb. 809; *Frickel v. Lancaster County,* 115 Neb. 506. We have also held recently that it was improper, where the plaintiff makes no attempt to show that the defendant is indemnified from loss by an insurance company, for the defendant to offer testimony showing that he is not so indemnified. *Taulborg v. Andresen,* 119 Neb. 273. It seems to be apparent that the proceedings followed in this case were erroneous; that it was an extension of the rule heretofore announced in *Jessup v. Davis, supra,* and that it should not have been permitted by the trial court.

However, we are of the opinion that, since in this case the plaintiff calmly and dispassionately conveyed the information to the jury by direct evidence that the defendant was indemnified from loss, it was not prejudicial to the defendant. The plaintiff could have conveyed the same information to the jury in at least two other ways. In view of the entire record in this case, it does not appear that the defendant was prejudiced by this error. To warrant the reversal of a judgment, it must affirmatively appear from the record that the ruling with respect to which error is alleged was prejudicial to the rights of the party complaining. *Combs v. Owens Motor Co., ante,* p. 5, citing *Morfeld v. Weidner,* 99 Neb. 49, and *Cronin v. Cronin,* 94 Neb. 353.

In *Sloan v. Harrington,* 117 Neb. 809, we considered the rule relative to cross-examination of the defendant and stated its purpose. We held that, if requested to do so, the court should have by an appropriate instruction limited the jury's consideration of such testimony to the purpose permitting its reception in evidence. In the *Sloan* case no instruction was requested upon this matter. The defendant in this case requested an instruction relative to the purpose of the reception of testimony relating to indemnity insurance. The instruction tendered was not a proper instruction limiting the consideration of the jury to the purposes for which such testimony is received, as enunciated in the numerous cases in which this court has discussed the question. In the requested instruction the defendant sought to have the court instruct the jury that they should "totally and absolutely disregard this evidence," which is not in conformity with the holdings of this court and clearly an improper instruction. The failure to charge the jury upon this question is not reversible error unless a suitable instruction has been tendered. "If either party desires an instruction which would serve only to guide the jury in weighing certain features of the evidence in connection with the issues, he must request such specific instruction." *Osborne v. State,* 115 Neb. 65; *Berggren v. Hannan, O'Dell & Van Brunt,* 116 Neb. 18. See *Maxson v. J. I. Case Threshing Machine Co.,* 81 Neb. 546; *Union P. R. Co. v. Stanwood,* 71 Neb. 150. It is reversible error for the court, when requested by an appropriate instruction, to refuse to give an instruction limiting the jury's consideration of testimony relative to the defendant's indemnification from loss by a policy of public liability insurance.

The defendant assigns as error and argues that its negligence was not the proximate cause of the accident and that the accident was not the proximate cause of the plaintiff's injury. We have carefully examined the record and find that there is sufficient evidence to sustain the finding of the jury upon these questions of fact. There is no complaint that the verdict is excessive, but only that no

verdict should have been returned. We find no reversible error, and the judgment of the trial court is

AFFIRMED.