## MORTON, Respondent, v. HOLSCHER, Appellant

### (243 N. W. 89.)

(File No. 7219.   Opinion filed June 2, 1932.)

*Hepperle & Fuller,* of Aberdeen, and *F. E. Snider,* of Faulkton, for Appellant.

*J. M. Berry,* of Ipswich, and *W. J. Jacobs,* of Faulkton, for Respondent.

POLLEY, J.   This action was brought to recover damages occasioned by a collision on a public highway between Onaka and Tolstoy.   The road where the accident occurred extends in an east and west direction.   It was a graded road with a surface 22 to 24 feet in width, and was hard, smooth, and level throughout its entire width.   The accident occurred between 8 and 9 o'clock on the evening of the 11th day of May, 1929.   The evidence on behalf of the plaintiff showed that he and his companion, Cleve Cooper, were riding in a buggy drawn by one horse.   They were

going in an easterly direction, and testified that they were on the extreme right-hand or southerly side of the graded portion of the highway. The defendant was traveling in the opposite direction in an automobile. At a point approximately one-half mile east of where plaintiff was at the time of the accident, the road turned to the south. Plaintiff and his companion, Cooper, testified that they saw the light of defendant's car as it approached the said corner from the south, and that they watched the said light continuously from the time it turned the said corner until it reached the place where they were with the buggy. They testified that the car approached them rapidly, and appeared to be on the southerly side of the road. Plaintiff said that, when he noticed that the car was on the south side of the road, he stopped the horse, then immediately started the horse again, and turned him toward the ditch on the right-hand side of the road; that, as the horse turned toward the right, but before he had moved the buggy off the road, it was struck by the automobile. The horse was not seriously injured, but the car hit the left front wheel or left side of the buggy and completely demolished it. In the language of one of the witnesses: "It was just all broken up into kindling wood." Plaintiff and his companion were both thrown violently to the ground, and both were seriously injured.

The defendant was accompanied by two companions, Russell Olson and E. S. Waldahl, and all three of them were riding in the front seat of the car. The testimony of the defendant and his companions was to the effect that they were driving at a speed of not to exceed 30 to 35 miles per hour. This testimony was in direct conflict with the testimony of the plaintiff, and, the question of the relative positions of the car and the buggy and the speed of the car having gone to the jury on conflicting evidence, the finding of the jury is final upon these questions of fact. The jury found for the plaintiff and assessed his damage at $2,400. Judgment was entered upon the verdict, and the defendant appeals.

By proper assignment, appellant presents the insufficiency of the evidence to support the verdict. In our view of the case, the evidence of defendant's negligence is so abundantly sufficient to support a verdict for plaintiff that a detailed view of the same is wholly uncalled for.

■■ The court, over proper objection by the defendant, permitted the plaintiff and his companion to give their estimate of the rate of speed at which the defendant approached them with the car. They both estimated the speed at 60 miles or more per hour, while defendant and his companions estimated their speed at 30 to 35 miles per hour. All these witnesses had had experience in driving cars and observing the speed thereof, and were competent to testify in regard thereto. Pemberton v. Fritz, 56 S. D. 374, 228 N. W. 409. See, also, State v. Nuzum, 58 S. D. 6, 234 N. W. 665, and cases therein cited. See, also, Lewis v. Miller, 119 Neb. 765, 230 N. W. 769, 70 A. L. R. 532, and note appended thereto at page 540-550. In any event, the defendant was not prejudiced by this testimony, for the jury were warranted in finding that a person driving an automobile on the wrong side of the road with sufficient speed to demolish the buggy, as was done in this case, was guilty of negligent driving.

■ Defendant and his two companions testified that they did not see plaintiff or the horse and buggy until they were within 10 to 15 feet of the buggy, and that then it was too late to either stop the car or turn to one side; and undertake to excuse their failure to see the horse and buggy at a greater distance by testifying that there was a rise in the surface of the road just ahead of the horse, and that they could not see what was on the road ahead of them until they reached the top of the rise, but Mr. Wakdahl, who was sitting in the seat with defendant, testified that the accident occurred "about 125 feet west of the top of the hill. There was nothing to obstruct our view from the top of the knoll to the west. The horse and buggy were out in plain view and we could have seen it if we had looked." From this statement by an eyewitness who testified for defendant, it is clear that defendant was negligent in failing to keep a sufficient lookout to see where he was going. One of defendant's witnesses who qualified as an expert testified that a car equipped with brakes as defendant's car was, and running at a speed of 30 to 35 miles per hour, could be brought to a stop in a distance of 30 to 35 feet.

■ Before the jury that tried the case was called or sworn, and in the absence of the jurymen, plaintiff asked permission of the court to examine the defendant for the purpose of ascertaining whether defendant carried indemnity insurance on his car at the

time of the accident. Such permission was granted, and, upon being interrogated, defendant said that he did carry such insurance. Pursuant to such statement by defendant, counsel for plaintiff put the following question to the veniremen on their voir dire: "Are you a stockholder, agent, officer or director of any insurance company, if any of you are just raise your hand?" This question has been the subject of much controversy in the courts all over the country during recent years; defendants claiming that juries, as a rule, are likely to return more lavish verdicts if the same are to be paid by an insurance company than they would if they are to be paid by the owner of the car doing the damage. On the other hand it is claimed by plaintiffs in this class of cases that, if they are not allowed to ascertain whether a juryman is interested in an insurance company, they might be compelled to try their cases to jurors who might have a pecuniary interest in the result of the trial. In other words, in order to exercise their challenges intelligently, they must have this information. It seems to be the well-settled rule now in practically all the courts that plaintiffs are entitled to this information before the jury is sworn. This question is the subject of an extended note appended to Jessup v. Davis, 56 A. L. R. at pages 1418-1550; and again in note appended to Stehouwer v. Lewis, 74 A. L. R. at pages 849-874, and at a still later date the rule is approved in Nichols v. Owens Motor Co., 121 Neb. 105, 236 N. W. 169; Martin v. Schiska, 183 Minn. 256, 236 N. W. 312; Harker v. Bushouse, 254 Mich. 187, 236 N. W. 222; Raines v. Wilson, 213 Iowa 1251, 239 N. W. 36.

█ Appellant excepted to the following instruction given by the court relative to contributory negligence on the part of respondent: "The burden of proof is on the defendant to show that plaintiff was guilty of contributory negligence. That is, that he was guilty of negligence which contributed to the collision and would, under the previous instructions of the court, prevent his recovery. And in order to find that he was guilty of such contributory negligence the same must stand proved by a fair preponderance of all the evidence."

This instruction standing alone, while it correctly states the law, might mislead the jury with the idea that contributory negligence must in all cases be proved affirmatively by the defendant as an independent matter. Contributory negligence might appear

from the evidence on the part of the plaintiff, in which case it would not be necessary for the defendant to prove the same. This fact is fully presented to the jury by another part of the court's instructions in the following language: "If you find that defendant was negligent and that his negligence contributed to and helped to cause the collision and damages and that the plaintiff at the time of said collision was driving his vehicle on the left side of the center of the highway, or that the plaintiff failed to operate his said horse and buggy in a careful and prudent manner or that under the foregoing definition, he was at said time and place guilty of negligence in what he did and in his manner of operating or driving the said horse and buggy, and that his said negligence or his said acts or omissions in any way contributed to or helped to cause the injury, in such case plaintiff cannot recover."

As so qualified, the instruction complained of was not prejudicial to appellant.

■ Upon the question of the amount of the verdict in case they found for plaintiff, the court charged the jury as follows: "In case you find for plaintiff, it will be your duty to determine the amount of damages which plaintiff is entitled to recover, and in such case he would be entitled to recover the amount which will compensate him for all pain suffered by him, for all loss of time suffered by him during the time he was in the hospital, or before he was able to do any work; also such amount as will compensate him for all physical disability or impairment of earning capacity suffered by him in so far as it is shown to a reasonable certainty, by a fair preponderance of all of the evidence, or that it appears to a reasonable certainty, from the evidence and a fair preponderance thereof, that he will suffer in so far as the same are the direct, necessary and probable result of said collision and of defendant's negligence; also, for all injury and detriment that he has suffered or it appears to a reasonable certainty by a fair preponderance of all of the evidence that he will suffer in so far as such injury and detriment are the direct, necessary and probable result of said collision and of defendant's negligence."

Defendant excepted to this instruction on the grounds that there is no evidence in the record to sustain a verdict for damages for loss of time, physical disability, impairment of ability to perform labor, or any other item of damage except physical pain and

suffering. This exception is not well taken. There is evidence showing the kind of work plaintiff could do before the injury and how much he could earn; also what he could do and how much he could earn after the injury. He was compelled to pay for medical and hospital services. That he has, and will continue to suffer a great deal of pain, and is disabled for life is not disputed. There was sufficient evidence on all these matters to warrant their submission to the jury.

■ Appellant predicates error upon the refusal of the trial court to give certain requested instructions to the jury. After a careful consideration of the instructions given by the court, we are satisfied that such instructions fully and fairly cover the issues involved in the case, and it is not necessary to take up the requested instructions in detail.

■ And lastly the defendant complains of the amount of the verdict, claiming that it is so excessive in amount that it is the result of passion or prejudice on the part of the jury. The verdict was $2,400, but we are not able to say that it is so excessive as to have resulted from passion or prejudice on the part of the jury. That the plaintiff was severely injured cannot be questioned, nor is there any doubt that he was disabled for life. How much of this verdict the jury may have allowed for pain and suffering the plaintiff has endured, and will continue to endure in the future, we have no way of knowing. The jury who saw the plaintiff in court and the judge who heard the motion for a new trial were in far better position to judge of the extent of plaintiff's injuries than this court is, and, while the verdict may be for a larger amount than the members of this court or some other jury might have fixed, still we do not feel that we would be warranted in setting aside the verdict merely because of its amount. Pemberton v. Fritts, supra.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.