WIGGINTON, Chief Judge.
Plaintiff employee brought suit against his employer, defendant railroad company, under the Federal Employers’ Liability Act (45 U.S.C.A. § 51 et seq.) for personal injuries sustained by plaintiff in the course of his employment. During the pendency of the cause the Railroad Retirement Board, an independent agency in the executive branch of the United States Government (45 U.S.C.A. § 228j), served on defendant employer a notice that it was claiming a lien against any sums payable by it to the employee arising out of the cause of action sued upon, which claim of lien was for benefits paid by the Board to the plaintiff employee during the period of his infirmity resulting from the injuries described in his complaint. The suit resulted in a consent verdict and judgment in favor of the employee against the employer in the sum of $5,500.
Subsequent to the entry of the mentioned judgment the United States petitioned the court for leave to intervene in the cause and assert its claim against the defendant employer in the sum of $1,640.50 on account of the benefits paid by it to the employee as set forth in its notice of claim. The petition was granted and upon hearing the trial court entered an order directing the sum of $1,640.50 of the total liability of the employer to the employee under the judgment rendered in the cause be paid to the Board in satisfaction of its lien. From this order the plaintiff employee has appealed.
*704 The sole question presented for our determination is whether the trial court correctly interpreted the applicable provision of the federal statutes in ordering that a part of the judgment recovered by plaintiff be paid to intervenor Railroad Retirement Board for benefits furnished by the latter to the employee during the period of his infirmity resulting from the injuries sustained by him arising out of the cause of action sued upon. The controlling provision of the federal statute under consideration is entitled “Liability of third party for sickness; reimbursement of Board” and is as follows:
“(o) Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement.”[1]
Appellant contends that since the quoted statute is preceded by the identifying byline “Liability of third party for sickness”, the Railroad Retirement Board is entitled to reimbursement for benefits paid an injured employee only in those instances where the employee’s cause of action arose as a result of a tort committed by “a third party”,' as distinguished from a tort committed by an “employer railroad company” as defined by the Act. Stated otherwise, appellant contends that since his cause of action arose as a result of the negligence of his employer railroad company, the benefits he received from the Railroad Retirement Board during the period of his infirmity are not recoverable by the Board out of the judgment he has secured against his employer. He contends that the only time the Board is entitled to reimbursement for benefits paid to an employee is when the employee’s cause of action is asserted against some person other than his employer as defined in the Railroad Unemployment Insurance Act.[2] In support of this position appellant cites decisions from other jurisdictions which interpret workmen’s compensation acts of those states in such manner as to define a third party as one other than an employer or employee covered by the Act.[3]
We are unable to agree that plaintiff’s contention represents a proper interpretation of the statute under consideration. Under state workmen’s compensation acts covered employers are never subject to suit in tort by their employees for injuries arising out of and in the course of employment. The fact that the employer’s negligence may have caused the injury is immaterial. On the other hand, a railroad transportation carrier is liable under the Federal Employers’ Liability Act for damages sustained by its employees resulting from the negligence of the carrier employer. The fact that the injured employee may receive unemployment insurance benefits from the Railroad Retirement Board during the period of his disability does not absolve the carrier employer from liability for its acts of negligence which caused injury to its employee.
*705 A review of the testimony offered before the appropriate committees of Congress during consideration for adoption of the Act in question reveals that the purpose of requiring the Railroad Retirement Board to pay benefits to a railroad company employee during the period of his infirmity resulting from injuries sustained in the course of his employment is two-fold. It enables the employee to maintain himself and his family during the time he is unable to work because of the disabling effects of his injuries, regardless of whether any one is liable in judgment for the injuries suffered. If the injuries resulted from the tort of another, whether the tort-feasor be the employer or one not connected with a railroad carrier, the benefits received from the Board enable the injured employee to maintain himself and his family without undue hardship until such time as either an amicable settlement of his claim for damages may be fairly made, or his cause of action litigated to a final conclusion. The latter consideration enables the employee to fairly negotiate a settlement of his claim without the pressure of hastily agreeing to a settlement in order that funds to pay his medical and living expenses may be quickly realized.
The question here under consideration has been treated in decisions rendered by both federal and state courts. It has been squarely held that the Railroad Retirement Board is entitled to reimbursement for benefits paid by it to injured railroad company employees out of any sums payable by one whose negligent act caused the infirmities for which benefits were paid, whether the tort-feasor be the railroad company employer or others not covered by the Act.[4]
We are of the opinion that the trial court properly interpreted the statute under consideration in ordering that the Railroad Retirement Board be reimbursed out of plaintiff’s judgment for the benefits paid by it to him. The order appealed is accordingly affirmed.
Affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. 45 U.S.O.A. § 362(0).

. 45 U.S.O.A. § 351.

.Sloan, v. Harrington, 1929, 117 Neb. 809, 223 N.W. 663; Hanson v. Norton, 1937, 340 Mo. 1012, 103 S.W.2d 1.

. United States v. Atlantic Coast Line Railroad Co., 4 Cir., 237 F.2d 137; Lewis v. Railroad Retirement Board, 1951, 256 Ala. 430, 54 So.2d 777; United States v. Hall, D.C.Wis.1953, 116 F.Supp. 47.