CHARLES HARGADINE, APPELLANT, v. OMAHA BRIDGE & TERMINAL RAILWAY COMPANY, APPELLEE.

FILED MAY 17, 1906. No. 14,546.

1. Second Appeal: LAW OF CASE. The determination of questions presented to this court in its review of the proceedings of an inferior tribunal become the law of the case, and ordinarily will not be reexamined in a subsequent review of the proceedings of the inferior tribunal on a second trial or hearing of the cause. *Omaha Life Ass'n v. Kettenbach*, 55 Neb. 330.

2. Directing Verdict. The evidence examined, and *held* to justify the trial court in directing a verdict for the defendant.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Nelson C. Pratt*, for appellant.

*W. C. Kenyon, William Baird & Sons* and *J. M. Dickinson, contra.*

JACKSON, C.

The defendant is a railway corporation owning terminals and facilities used by the Illinois Central Railroad Company in entering the city of Omaha. It entered into a contract with Gilbert H. Scribner, Jr., of Chicago, Illinois,

for the erection of a trestle across Cut-Off lake, according to plans and specifications agreed upon between the defendant and the Illinois Central Railroad Company. The work had been sub-let by Scribner to Edward W. Raymond, who employed and paid the workmen, provided the tools, and was engaged in the work of construction. The plaintiff, a bridge carpenter, was in the employ of Raymond. He was at work adjusting heavy timbers on top of the trestle, 30 feet above water. This service was performed by means of a steel bar, wedge shaped at one end. In moving one of the timbers the bar slipped, plaintiff lost his balance, and fell to the water below. In the course of the descent he struck against a heavy plank, and sustained an injury. The action is for damages, and is founded upon an allegation that the plaintiff was in the employ of the defendant; that the accident occurred by reason of a defect in the bar, on account of which it slipped; that he complained to the defendant and objected to using the bar, but was requested to continue in its use until a new bar could be procured to replace it. There is in evidence no dispute about the fact that Scribner was under contract to construct the trestle; that the work was sublet to Raymond, by whom the plaintiff was employed and paid; that the tool used by him was owned by Raymond, and was provided for his use on the morning of the day when the accident occurred by Raymond's foreman. In the trial court, at the close of the evidence, a verdict was directed for the defendant, and the plaintiff appeals. He seeks to hold the defendant liable by an application of the doctrine of *respondeat superior.*

One clause of the contract between the defendant and Scribner provided that the work should be executed in strict conformity to the specifications and plans, and such explanatory instructions as might from time to time be given by the chief engineer of the defendant. A civil engineer in the employ of the defendant was in daily attendance at the work for the purpose of inspection, his only authority being to see that the work was constructed

according to the plans and specifications stipulated in the contract. During a portion of the time a like engineer in the employ of the Illinois Central Railroad Company was present and inspected the work as it progressed. There is some evidence that on two or three occasions one of these engineers gave specific instructions to the workmen. It is not clear whether these directions came from the engineer in the employ of the defendant or the one employed by the Illinois Central Railroad Company, and it is perhaps not important, because the evidence fails to disclose any interference on the part of the engineers, or anything done by them, except along the line of instructions required and permitted by the terms of the contract itself. The engineer in the employ of the defendant, however, testified that at no time did he give the workmen any instructions, and that such suggestions as he made were either to the contractor, the superintendent or foreman in charge of the work, both of whom were in the employ of Raymond.

This is the second time the case has been before us for consideration. Our former opinion is reported in 5 Neb. (Unof.) 418, where we reversed a judgment in favor of the plaintiff. The contract in question is sufficiently set out in that opinion. Our holding there was that the plaintiff was in the employ of an independent contractor; that the relation of master and servant did not exist between the plaintiff and defendant, and under the terms of the contract the defendant had no authority or control over the contractor or his workmen as to the manner of performing the work; that it had power to direct as to results only, and that the fact that the company reserved the right to inspect the work and see that it conformed to the contract in result did not make the contractor the agent of the defendant to the extent that it rendered the defendant liable for a neglect of duty growing out of the contract of employment between the contractor and his employees, and that no obligation rested upon the defendant to provide tools, safe or otherwise, to the workmen. These questions are

involved in the present record. They were fully discussed and determined in our former opinion, and our holdings there have become the law of the case.

We are asked to review and overrule the conclusions reached at the former hearing, and in addition it is urged that the pleadings have been amended so as to present an entirely different issue, and that the evidence is different from that taken at the former trial. If the issues have been changed, that fact does not appear in the record, and the evidence taken at the former trial is not before us. The evidence of the contractor is that he had a superintendent overseeing the work, and a foreman in charge of the workmen; that no one else had authority to employ or discharge the men, or direct their labor. This evidence is undisputed.

A careful examination of the evidence and a review of the authorities have convinced us that the rule announced in the former opinion should be adhered to; that no course was open to the trial court except the one pursued, and we recommend that the judgment be affirmed.

ALBERT, C., concurs.

DUFFIE, C., took no part in the decision.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.