STATE OF NEBRASKA, APPELLANT, V. BOONE COUNTY ET AL., APPELLEES.

FILED JANUARY 17, 1907. No. 14,782.

1. **Highways:** EMINENT DOMAIN. The statutes of this state relating to the establishment of public roads do not authorize the taking of public lands for road purposes not on section lines.

2. **Eminent Domain.** The taking of private property only is authorized by statutes providing for the exercise of the power of eminent domain, unless there is express or clearly implied authority to extend them to public property.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed.*

*Norris Brown, Attorney General, W. T. Thompson* and *H. C. Vail,* for appellant.

*C. E. Spear, contra.*

DUFFIE, C.

Steps were being taken by the county authorities of Boone county to establish a public road angling through the interior of section 16, township 20, range 8, a portion of the school lands of the state. The state appeared by the attorney general, and objected to the proceedings on the ground that the board had no jurisdiction to enter a petition establishing a highway over lands belonging to the state. The board overruled the objection, to which the state excepted, and now prosecutes an appeal from

an order of the district court affirming the action of the county authorities in establishing the road.

The sole question presented by the record is: Can a public road be established over the property of the state without express permission of the legislature extended for that purpose? It was a well-established principle of the common law that the crown was not bound by a statute unless named in it, for the reason that the law is presumed to be made for subjects only, and that the crown was not reached except by express words or by necessary implication in any case where it would be ousted of an existing prerogative or interest. *Ex parte Russell,* 19 Ves., Jr. (Eng.) *163; *Ex parte Postmaster General,* 10 L. R. Ch. Div. (Eng.) 595; *In re Cuckfield Burial Board,* 19 Beav. (Eng.) 153. In this country it is generally held that the sovereign power is not bound by general words in a statute, but only when included expressly or by necessary implication. *United States v. Herron,* 20 Wall. (U. S.) 251; *Jones v. Tatham,* 20 Pa. St. 398; *Stoughton v. Baker,* 4 Mass. *522; *State v. Kinne,* 41 N. H. 238; *People v. Rossiter,* 4 Cow. (N. Y.) 143; *Seattle & M. R. Co. v. State,* 22 L. R. A. 217, 7 Wash. 150. In the latter case it is expressly said: "The taking of private property only is authorized by statutes providing for the exercise of the power of eminent domain, unless there is either express or clearly implied authority to extend them to public property." We think the legislature of this state has clearly indicated its purpose not to allow any of the public property of the state to be interfered with or taken by the power of eminent domain, as it has been careful in all cases where such power is conferred to give its consent to taking the property of the state for such purposes only as it deemed expedient. In providing a system of irrigation it extends to all persons, companies, corporations or associations constructing any of the works provided for by our irrigation statutes, authority to occupy state lands and to obtain right of way over and through any highways in any county of this state. Comp. St. 1905, ch. 93a,

art. II, sec. 40.    The same right was extended to the United States in its construction of the irrigation projects contemplated by the late act of congress.    Comp. St. 1905, ch. 83, art. XIII, sec. 27.    In extending the right of eminent domain to railroad companies the right is given by the provisions of section 83, ch. 16, Comp. St. 1905, to occupy any road, street, alley, public way or ground of any kind, and to agree upon the manner and upon the terms and conditions upon which such public street, alley, public way or ground may be used or occupied, with the public authorities having the same in charge, and, if no agreement can be reached, to appropriate the same in the same manner and upon the same terms as is provided for the appropriation of the property of individuals.    By the terms of section 46, ch. 78, Comp. St. 1905, all section lines are declared to be public roads, and by the enactment of this statute the state, in express terms, gave its consent to the establishment of public roads over the exterior lines of all school sections.    We have not been referred to any statute, nor are we able, after considerable search, to find a statute, which either in express terms or by necessary implication authorizes the county authorities to establish a public highway through a school section or any public grounds.    If, as contended, a reversal of this case will have the effect to invalidate portions of many highways already established, we can only say that it is our duty to declare the law as we find it to exist, and that any inconvenience arising therefrom must be remedied by the legislature.    There is no doubt that the legislature, on its attention being directed to the subject, will legalize necessary highways attempted to be established through the school lands of the state, and authorize the establishment of such highways as the convenience of the public may demand, but, until the legislature has spoken on the subject and given its consent, the county authorities are without authority to act in the matter.

We recommend a reversal of the judgment, and that

the cause be remanded to the district court for further proceedings not inconsistent with this opinion.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED.