EARL E. BOYD, ADMINISTRATOR, APPELLEE, v. WALTER G. HUMPHREYS ET AL., APPELLANTS: TRENMORE CONE, APPELLEE.

FILED JANUARY 16, 1929. No. 26600.

*Brogan, Ellick & Raymond,* for appellants.

*Mullen & Morrissey, Robert R. Mullen, C. J. Endres* and *James H. Hanley, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

This is an action wherein the appellee, Earl E. Boyd (hereinafter called plaintiff), as administrator of the estate of Henry Ray Peterson, deceased, seeks recovery of appellants, original contractors, hereinafter called defendants, for negligently causing the death of such Peterson. Trial was had, verdict and judgment rendered in favor of plaintiff for $6,500, to reverse which defendants appeal. Cone, subcontractor of the defendants, and employer of Peterson, is not complaining.

From the record we conclude: That all parties concerned in this case were, at the times involved, operating under our compensation statutes; that the owners of the property were desirous of excavating a certain lake, and, in pursuance of such purpose, let the contract to the defendants herein, who sublet a segregated part thereof to Cone; that Cone employed Peterson, then 19 years old, and under our statutes a minor, which minority, however, in no manner affects the questions here presented, other than as such minority would have bearing on the amount

of plaintiff's recovery on behalf of Peterson's dependents; that, in the course of such excavation by Cone, through the actionable negligence of defendants and without fault on the part of Peterson or Cone, Peterson was killed while at work in the course of his employment, leaving as dependents his father, mother, and minor brothers and sisters; that plaintiff was duly appointed administrator, made application for compensation on behalf of such dependents, and, as Cone the employer refused and neglected to institute this action, it was lodged, as is usual in such cases, by such administrator; that recovery was had as hereinbefore stated, and the same is not reversibly excessive.

While there are several claimed errors urged, each thereof is answered by the foregoing except the following question, to this court novel: Are defendants "third" parties under the provisions of chapter 28, Comp. St. 1922, known as our compensation statutes?

The holdings of the courts of last resort of many different states are cited by the respective parties in their briefs, which show extended research and close analysis on the part of their attorneys. However, the compensation statutes of the respective states which form the basis of the opinions thus cited are so dissimilar, and especially from that of our own, as to render the conclusions reached in no manner controlling. Thus, we are left to glean the intent of our legislative body from the context of the act itself.

Section 3041, Comp. St. 1922 (chapter 28), provides: "Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after de-

ducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future instalments of compensation."

Section 3037 defines "employer" as including, "Every person, firm or corporation, including any public service corporation, who is engaged in any trade, occupation, business, or profession as described in section 97 of this chapter (3029), and who has any person in service under any contract of hire, express or implied, oral or written, and who prior to the time of the accident to the employee for which compensation under this article may be claimed, shall not, in the manner provided in section 103 of this chapter (3035), have elected not to become subject to the provisions of Part II of this article."

Section 3039 provides, in substance, that one who by scheme or artifice seeks to avoid being held responsible to the workmen for the provisions of this chapter shall be included in the term "employer;" but that this section shall be held to exclude an owner who lets a contract to a contractor in good faith, or a contractor who, in good faith, lets to a subcontractor a portion of his contract, if the owner or principal contractor, as the case may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance which guarantee payment of compensation according to this chapter to injured workmen.

Section 3040 provides, among other things: "The compensation shall be calculated with reference to the wage the workman was receiving from the person by whom he was immediately employed at the time of the injury."

Section 3029 provides, in part: "The provisions of this act shall apply to the state of Nebraska and every governmental agency created by it, and to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer."

Section 3033, in part, provides: "When employer and employee shall by agreement, express or implied, or other-

wise as hereinafter provided, accept the provisions of Part II of this article, compensation shall be made for personal injuries or for the death of such employee by accident arising out of and in the course of his employment, without regard to the negligence of the employer."

Section 3038 provides, among other things: "The terms 'employee' and 'workman' are used interchangeably and have the same meaning throughout this article. The said terms include the plural and all ages and both sexes, and shall be construed to mean: * * * Every person in the service of an employer who is engaged in any trade, occupation, business or profession as described in section 97 (3029) of this chapter, under any contract of hire express or implied, oral or written, including aliens and also including minors who are legally permitted to work under the laws of the state, who for the purpose of making election of remedies under this code shall have the same power of contracting and electing as adult employees."

This chapter deals primarily with the immediate employer and his employee, unless where it was deemed an exception should be made, which exceptions are without force in this consideration and need not be stated. To hold that the statutes warranted the grouping of all those interested in the enterprise within the term "employer," to the extent of excluding them as "third" parties under the statutes, as contended for by defendants, would be to deny to such enactments the plain and every day conception of the language used. The person seeking employment selects the one by whom he desires to be employed, and their minds meet as to the manner of employment. The immediate employer controls, directs, and discharges those by him hired. If any injury coming within the statute occurs, the immediate employer is to receive the notice; he, or the injured party, may lodge the case with the compensation commissioner; if either are aggrieved by the award or refusal thereof, the one thus aggrieved, and he alone, may appeal. If the injury is caused by a third party's negligence, then the immediate employer must refuse or neglect to institute

the common-law action before the employee can thus proceed.

Thus runs the line of demarcation throughout the entire chapter. Hence, we conclude that, under the facts in this case, there is only one employer, and that is Cone, and the only ones grouped are Cone and his employees engaged in the enterprise. The defendants and all others are "third" parties.

The judgment of the trial court is

AFFIRMED.