GLENN M. STANDISH, APPELLANT, V. LARSEN-MERRY-
WEATHER .COMPANY ET AL., APPELLEES.

FILED DECEMBER 9, 1932. No. 28588.

*Reed, Ramacciotti & Robinson* and *Roman L. Hruska,*
for appellant.

*G. F. Nye, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY,
DAY and PAINE, JJ.

GOOD, J.

This is a workmen's compensation case, in which plain-
tiff, the workman, appeals from a judgment denying him
any compensation. Whether plaintiff was an independent
contractor or an employee is the principal question. In
determining such relation, resort must be had to the
facts and circumstances disclosed in each particular case.

*Showers v. Lund,* 123 Neb. 56. The record before us shows the following pertinent facts:

The county of Douglas let to Larsen-Merryweather Company (hereinafter called the company) a contract to haul and spread gravel on a designated part of one of its highways. The county had arranged with the owner of a gravel pit to furnish the gravel. The contract with the company required it to haul the gravel from a designated pit to a designated place on the highway, where each load was dumped, as directed by a representative of the county. In performing this work the company used some of its own trucks. It procured the services of several persons owning trucks to do the greater part of the hauling. Plaintiff was one of those persons. By agreement with the company, plaintiff was required to furnish and service his truck, and was to receive 70 cents for each load of three tons of gravel hauled. The agreement was indefinite as to length of time that plaintiff was to haul. No specified number of loads, or quantity of gravel, was agreed upon. Plaintiff was at liberty to quit hauling at any time; the company could have discontinued his services at any time, and neither would have been liable in damages to the other by plaintiff's cessation of hauling. Plaintiff was required to get each load of gravel at a particular place and to haul and dump it at a definite place. He was required to haul three tons at a load, and to weigh part of the loads, to make sure that his loads came up to the required weight. He was furnished by the company with tickets, consisting of a stub and three coupons, the stub and each coupon bearing the same serial number. One coupon was delivered to the pit owner at the time each load was taken from the pit; one was given to the county's representative when the load was dumped; one was retained by the truck driver, while the stub went to the company. The company paid for the weighing and settled with the truckers at the end of each week for the number of loads hauled.

It is insisted by appellees that plaintiff was an inde-

pendent contractor. The fact that there was no agreement for any definite number of loads to be hauled, or for any definite quantity of gravel, or for any definite time that he was to work, and the further fact that the company possessed and exercised the right to stop hauling on account of rainy weather; directed when the work should be resumed, and had the right to terminate the relation at any time, without liability for damage, we think clearly shows that plaintiff was not an independent contractor.

It is suggested that, because plaintiff furnished his own truck and serviced the same, and received pay at a stipulated price for each load, this was sufficient to render him a contractor. It is pointed out in the case of *Claus v. De Vere,* 120 Neb. 812, that many classes of workmen, such as brick masons, carpenters, and others, furnish their own tools, and the fact that they furnish their own tools does not make them independent contractors. In the instant case, there was no independent contract, unless there was one for each load hauled. Such was not the intention of the parties. The evidence clearly shows that the company had the right to superintend and direct the manner in which the work was to be performed.

In *Showers v. Lund, supra,* where the essential facts were almost identical, this court held that the relation was one of master and servant, or of employer and employee, and not of an independent contractor. Upon the strength of the holding in that case, which we deem sound, we are constrained to hold that plaintiff was not an independent contractor, but was, within the meaning of the compensation law, an employee.

It is contended that the county, in no event, is liable in this case. With this contention we are unable to agree. By the provisions of sections 48-106 and 48-115, Comp. St. 1929, the provisions of the workmen's compensation act are made applicable to the state and to every governmental agency created by it. The provisions of section 48-116, make a person who lets a contract liable to an

employee of the contractor, unless he requires the contractor to procure insurance from a company licensed to make such insurance contracts in this state. It is stipulated in the record that there was no requirement on the part of the county that the company should take out insurance to protect its employees; nor did it do so. Under these circumstances, the county is jointly liable with the company to whom it let the contract.

No question is raised that plaintiff's injuries did not arise out of and in the course of his employment. It follows that he was entitled to compensation.

The judgment of the district court is reversed, and the cause remanded to that court, with directions to ascertain the extent and duration of plaintiff's disability, and to award compensation accordingly.

REVERSED.