BEECHER JONES, APPELLANT, V. ROSSBACH COAL COMPANY
ET AL., APPELLEES.

FILED JANUARY 31, 1936.   No. 29453.

*Emmet L. Murphy* and *M. J. Gardiner,* for appellant.

*Francis P. Matthews* and *William P. Kelley,* for appellee
Rossbach Coal Co.

*Kenneth G. Harvey,* for appellee Gate City Erection and
Supply Co.

Heard before GOSS, C. J., ROSE and CARTER, JJ., and
REDICK and KROGER, District Judges.

KROGER, District Judge.

This is an appeal from a judgment of dismissal in an
action for damages for personal injuries, entered after
demurrer to plaintiff's petition had been sustained and
plaintiff had elected to stand on his petition.

The petition alleged, in substance, that on the 6th day
of September, 1933, appellee, Rossbach Coal Company,
owned and maintained its offices and business of selling
coal at retail in a certain store building in Omaha, Nebraska,
and at that time was engaged in remodeling and repairing

the same; that the main floor of said building was of concrete construction, and some ten feet below the main floor was the basement floor, also of concrete; that, shortly prior to the date of the accident complained of, Rossbach Coal Company had caused an opening, some three feet by six feet in size, to be made in the main floor of said building; that appellee, Gate City Erection and Supply Company, had entered into a contract with Rossbach Coal Company to do some metal lath work in said building, and that appellant, an employee of the Gate City Erection and Supply Company, was doing some work pursuant to said contract on the upper part of the walls and ceiling of the main floor room; that appellant worked on a platform consisting of planks laid across wooden horses, the top of this platform being some five feet above the floor; that, because of the location of the opening in the floor, the end of the planks extended over this opening; that, while working on said platform, appellant's foot slipped beyond the outer horse and onto the outer end of the planks, causing them to up-end and causing appellant to fall from the scaffolding, through said opening and onto some iron sewer pipes on the basement floor, a distance of some 15 feet, resulting in serious and permanent injuries to him. Negligence of the Rossbach Coal Company is predicated on failure to protect said opening as required by an ordinance of the city of Omaha, section (f) of which reads, as follows: "(f) All openings in floors and wall shall be properly protected, and it shall further be the duty of all owners, contractors, builders or persons having control of the erection, alteration or removal of any building, or other structure within the corporate limits of the city of Omaha, to comply with an act of the state legislature providing for the protection and safety of persons in and about the construction, repairing, alteration or removal of buildings, bridges, viaducts and other structures."

Gate City Erection and Supply Company, the employer of appellant, was made a party defendant for the purpose

of protecting its subrogation rights under section 48-118, Comp. St. 1929.

To this petition the appellee Rossbach Coal Company filed a general demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action.

In its brief, and on oral argument, Rossbach Coal Company contends that the petition shows on its face that it was an employer, and consequently not liable in tort to an injured workman, and for the further reason that the danger confronting appellant was patent and obvious and in exposing himself to such patent and obvious danger he was guilty of such negligence as would bar a recovery.

It is the universal rule that, where employer and employee are operating under the workmen's compensation law, and the employee suffers injury by reason of an accident, arising out of and in the course of his employment, he must look exclusively to the compensation act for his remedy. *Freese v. Morrell & Co.,* 58 S. Dak. 634, 237 N. W. 886.

It is the contention of appellant, however, that Rossbach Coal Company was not an "employer" within the provisions of the compensation law, but was a "third person," and that consequently the workmen's compensation law of this state does not apply.

Section 48-116, Comp. St. 1929, provides: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this article, shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this article. This section, however, shall not be so construed as to cover or mean an owner who lets a contract to a contractor in good faith, or a contractor who, in good faith, lets to a subcontractor a portion of his contract, if the owner or principal contractor, as the case

may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance from an insurance company licensed to make such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to this article to injured workmen."

In construing the foregoing section, this court, under a state of facts similar to those pleaded in this case, held the owner of a building undergoing repairs to be an "employer." *Sherlock v. Sherlock,* 112 Neb. 797, 201 N. W. 645.

Since the provisions of the compensation law are exclusive of all other liability as to those subject to it, it follows that, in a common-law action by the employee against his employer, it is necessary to allege and prove that the compensation law does not apply. *Beveridge v. Illinois Fuel Co.,* 283 Ill. 31, 119 N. E. 46; *Sheban v. A. M. Castle & Co.,* 185 Wis. 282, 201 N. W. 379.

In his petition, appellant has pleaded no facts from which it can be inferred that the compensation law of this state does not apply to this case. His petition is silent as to whether the Rossbach Coal Company required the contractor, Gate City Erection and Supply Company, to procure compensation insurance as by our statute provided for the protection of its employees, and in that situation it will be presumed that the Rossbach Coal Company was an "employer" as provided in section 48-116, *supra,* and plaintiff would be required to look to the provisions of the compensation law for his remedy.

For the reasons given, plaintiff's petition failed to state a cause of action and the demurrer was properly sustained.

It follows that the judgment of the trial court dismissing appellant's action was right and is

AFFIRMED.