NEW MASONIC TEMPLE ASSOCIATION, APPELLEE, V. GLOBE INDEMNITY COMPANY, APPELLANT.

279 N. W. 475

FILED MAY 6, 1938. NO. 30185.

*Hall, Cline & Williams,* for appellant.

*Beghtol, Foe & Rankin, contra.*

Heard before Goss, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and YEAGER, District Judge.

EBERLY, J.

This is an action at law to recover upon a policy of insurance issued to plaintiff, New Masonic Temple Association, by defendant, Globe Indemnity Company. The parties will be referred to herein as in the court below. In that court, a jury was waived by the parties, the issues made up by the pleadings, and evidence introduced, at the conclusion of which findings of fact and of law were made, and judgment entered in favor of plaintiff and against defendant. From the order of the trial court overruling its motion for a new trial, defendant appeals.

The record presents questions of law, none of fact. The issuance of the policy in suit in the form established by the evidence is admitted by the pleadings. The payment of the premium is not denied. That the policy was in full force and effect at the time the transaction occurred which furnishes the basis of this litigation, the pleadings and evidence sustain. It thus appears that on or about September 18, 1934, one John Brotzman was in the employ of one Christopher A. Nootz, as a plasterer and cement worker. Nootz had entered into a contract with plaintiff to make certain repairs on a building owned by it, a corporation having power to maintain and own the said building. While

Brotzman was thus employed by Nootz, and in the course of the regular business of making repairs on this building so owned, he sustained personal injuries in an accident arising out of and in the course of his employment, occasioned by falling from the roof of the building on which he was working. At the time of said accident, Christopher A. Nootz, his immediate employer, had failed to obtain and have in force any workmen's compensation insurance to protect defendant, and the New Masonic Temple Association likewise had failed to require the said Nootz to procure and have in force workmen's compensation insurance, as provided by the Nebraska workmen's compensation act, and to otherwise avoid liability under that act. As a result of this transaction, and in a proper proceeding had for that purpose, a judgment was made and entered in favor of Brotzman, based on the injuries thus sustained by him, and against the New Masonic Temple Association in the sum of $2,664.34 and costs. The demands upon defendant for reimbursement were then refused by it. Thereupon action was instituted by plaintiff, resulting as hereinbefore set forth.

The sole challenge presented by defendant in this court is that the coverage provided for in the policy in suit does not extend to nor cover any liability for this accident suffered by Brotzman.

It may be fairly inferred that, in the negotiations which preceded the issuance of the policy in suit, it was discovered that the printed forms of the defendant company did not conform to the situation of the insured, nor cover the risks for which insurance was then sought, and that a change thereof was necessary. Accordingly, the following paragraphs were typewritten on the face of the policy, viz.:

"It is agreed by the Insuring Company that the words 'not employed by the Assured' appearing in the fourth line of the first paragraph of 'Insuring Agreements' Number One (1) shall be stricken out and become of no force or effect."

Also, "The 'Insuring Agreements,' as set out in a contract of insurance under General Liability Policy #GL-856117, as included within paragraphs numbered from one (1) to four (4) issued by the Globe Indemnity Company, are hereby declared to include within their definition and the liability assumed that the Company agrees to indemnify the assured against loss by reason of accidental bodily injuries to persons who may be so injured while upon the premises of the assured or the ways adjacent thereto, without regard to the relation of the person so injured may bear to the Assured, in so far as it relates to the employment, directly. or indirectly, of the person so injured."

The "Insuring Agreements" as originally set forth in the blank form of policy employed by defendant, were as follows:

"To pay to the persons entitled thereto any sums imposed by law upon the Insured as damages on account of bodily injuries, including death at any time resulting therefrom, accidentally suffered or alleged to have been so suffered from any cause whatsoever during the policy period defined in Statement No. 6, by any person or persons *not employed by the Insured,* or by any employee of the Insured *if such injuries do not arise directly or indirectly out of and in the course of his employment by the Insured or in connection therewith,* while within or upon the premises designated in Statement No. 4 as the premises to which this policy applies or upon the sidewalks, areas, or other ways immediately adjacent to the said designated premises, or away from the said designated premises if caused by an employee in the course of his employment by the Insured in connection with the business of the Insured conducted on the said designated premises." (Italics supplied.)

In connection with these "Insuring Agreements" defendant insists that plaintiff's contentions are foreclosed by the following printed provisions as contained in the original printed form of policy, viz.:

"The Agreements of this policy are subject to the following conditions: * * * This policy shall not apply in re-

spect of any liability voluntarily assumed by the Insured under any agreement, oral or written, or any liability, imposed upon or voluntarily accepted by the Insured, by reason of obligations, requirements, impositions, or penalties under any workmen's compensation plan or law."

In determining whether indemnity against John Brotzman's claim on account of injuries suffered is within the coverage of the policy of insurance in suit, the instrument must be construed as an entirety, and read in the light of certain canons of construction, of which we refer to the following:

"When an instrument consists partly of written and partly of printed form, the former controls the latter, where the two are inconsistent." Comp. St. 1929, sec. 20-1216. And typewriting is "writing," within the contemplation of such statute. *American Surety Co. v. School District,* 117 Neb. 6, 219 N. W. 583; *Flower v. Coe,* 111 Neb. 296, 196 N. W. 139; *Petersen v. City of Omaha,* 120 Neb. 219, 231 N. W. 763.

"If an insurance policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. The language employed is that of the insurer and it is consistent with both reason and justice that any fair doubt as to the meaning of its words should be resolved against it." *Baumgart v. Sovereign Camp, W. O. W.,* 127 Neb. 865, 257 N. W. 269. See, also, *Arendt v. North American Life Ins. Co.,* 107 Neb. 716, 187 N. W. 65; *Funke Estate v. Law Union & Crown Ins. Co.,* 97 Neb. 412, 150 N. W. 262; *Connecticut Fire Ins. Co. v. Jeary,* 60 Neb. 338, 83 N. W. 78.

So, too, "If any uncertainties or ambiguities appear in an insurance policy which may be solved by either one of two reasonable constructions, the one that is more favorable to the insured and which will give life, force and effect to the policy should be adopted." *Morse v. General American Life Ins. Co.,* 130 Neb. 37, 263 N. W. 676. See, also, *Schollman v. Prudential Ins. Co.,* 130 Neb. 662, 266 N. W. 75.

Reading and harmonizing the typewritten provisions of the policy in suit with the printed provisions appearing on the printed form employed by defendant, in compliance with the principles of construction hereinbefore set forth, it is obvious that the italicized words, "not employed by the insured," originally appearing in the first paragraph of the printed "Insurance Agreements" have been stricken out, and become of no force and effect. Thereby what was originally intended in the printed policy form as a term of exclusion from insurance coverage provided by this policy ceases to exercise that function. In other words, the effect of this typewritten provision is to extend the insurance coverage to all persons without reference to employment by the insured. This conclusion is fortified by the express terms of the language of the second paragraph of typewritten provisions hereinbefore set out, wherein the coverage of the policy is, in express terms, extended to include "bodily injuries to persons who may be so injured while upon the premises of the assured * * * *without regard to the relation of the person so injured may bear to the Assured, in so far as it relates to the employment, directly or indirectly, of the person so injured.*" (Italics supplied.) The necessary effect of this language we have italicized, properly construed, is to remove from the terms of the policy the italicized words, "if such injuries do not arise directly or indirectly out of and in the course of his employment by the Insured or in connection therewith." The language last quoted is obviously wholly inconsistent with the express words of the typewritten provision, in effect that liability to indemnity shall be "without regard to the relation of the person so injured may bear to the Assured, in so far as it relates to the employment, directly or indirectly, of the person so injured." This typewritten provision necessarily excludes from consideration the printed form so far as inconsistent therewith. These conclusions are not wholly denied by defendant, for it apparently concedes that the typewritten provisions are effective to change the coverage so far as employees are concerned, but insists

that as to "third persons" no change was made. It is the thought of the writer of this opinion that a change of liability was effected as to both employees and third persons. Nevertheless, this difference of view may not be vital so far as the determination of the issues here presented is concerned. The gist of defendant's contention appears to be that the relationship of Brotzman to plaintiff was not that of an employee, and therefore, Brotzman not being an employee of plaintiff, he was not within the coverage of the policy. This apparently involves a concession that, if Brotzman was an employee of plaintiff under the terms of the policy, liability of defendant would be established. In support of this contention defendant cites as sustaining its contention the following Nebraska cases, viz.: *Omaha Bridge & Terminal R. Co. v. Hargadine,* 5 Neb. (Unof.) 418, 98 N. W. 1071; *Hargadine v. Omaha Bridge & Terminal R. Co.,* 76 Neb. 729, 107 N. W. 864; *Boyd v. Humphreys,* 117 Neb. 799, 223 N. W. 658; *Matthews v. Crancer Co.,* 117 Neb. 805, 223 N. W. 661; *Sloan v. Harrington,* 117 Neb. 809, 223 N. W. 663.

We do not overlook cases cited by defendant from other jurisdictions to sustain this position, which are regarded as inapplicable to the question here presented, because of arising in the interpretation of statutes the terms of which are essentially different from our own.

It will be noted that the transaction before us is one within the purview of our workmen's compensation act, originally passed in 1913. The *Hargadine* cases, cited by defendant, were decided by this court in 1904 and 1906, respectively, and prior to the adoption of our compensation act, and hence have no direct application to the present controversy.

*Boyd v. Humphreys, supra, Matthews v. Crancer Co., supra,* and *Sloan v. Harrington, supra,* are decisions under our workmen's compensation act, but are inapplicable to, and do not decide, the question presented in the instant record. In each of the three cases last referred to, the compensation statute requiring the contractor to take out ade-

quate insurance for the benefit of his employees had been fully complied with. This fact formed the controlling element of the decisions cited. The requisite adequate insurance being in force, upon this basis this court properly held that the owner of the property on which the contractor was employed was not the employer of the contractor's employees, nor liable as such. In the instant case, the required insurance was not provided by the contractor, nor required by the owner of the property. Under the terms of section 48-116, Comp. St. 1929, the owner of the property then and thereby became included in the term "employer," and with the immediate employer became jointly and severally liable to pay the compensation therein provided. In view of the difference in controlling facts, this conclusion was wholly inapplicable to the three cases cited by defendant, above referred to. Defendant's contention in this respect is fully answered, not only in the express terms of the statute referred to, but by the pronouncement of this court in *Jones v. Rossbach Coal Co.,* 130 Neb. 302, 264 N. W. 877, wherein we held, viz.:

"Owner of building, used in conducting owner's business, who enters into contract with contractor for certain repairs to said building, is an 'employer' within the terms of section 48-116, Comp. St. 1929, unless it be shown that the contractor was required to procure compensation insurance for protection of his employees." See, also, *Sherlock v. Sherlock,* 112 Neb. 797, 201 N. W. 645.

It follows that, the New Masonic Temple Association being, in law, under the facts in the instant case, an employer of Brotzman, the damages it suffered occasioned by his injuries are, as the issues in this case are here presented, within the indemnifying provision of the contract of insurance in suit.

But this decision is not to be limited to the point here under discussion, for, construing the policy as an entirety, we find the printed condition hereinbefore quoted is wholly ineffective to limit the scope of the coverage set forth in the "Insuring Agreements" as modified and enlarged by

the typewritten clauses constituting a part of the insurance policy in suit. Resolving ambiguities and conflicts in the language employed in favor of the insured, it is plain that the typewritten clauses set out herein extend the coverage of the policy to include Brotzman's injuries, as "accidental bodily injuries to persons who may be so injured while upon the premises of the assured * * * without regard to the relation of the person so injured may bear to the Assured, in so far as it relates to the employment, directly or indirectly, of the person injured."

It follows that the judgment of the trial court is right, and it is

AFFIRMED.

YEAGER, District Judge, dissents.