MELVIN DOBESH, APPELLEE, V. ASSOCIATED ASPHALT CONTRACTORS, INC., ET AL.: VILLAGE OF ANSLEY ET AL., APPELLANTS.

292 N. W. 59

FILED MAY 10, 1940. No. 30741.

*Chambers, Holland & Locke, Evans & Lee* and *T. J. Kiesselbach,* for appellants.

*Allan F. Black* and *Perry, Van Pelt & Marti, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This appeal presents two questions: (1) Is a municipal corporation liable for compensation under section 48-116, Comp. St. 1929, to an employee of a contractor, where it has not required the contractor to carry compensation insurance? (2) If so, is the employee's right to compensation barred, unless he makes a claim against the municipal corporation within six months after the injury, where he has duly made claim against the contractor?

The controversy is between an employee of Associated Asphalt Contractors, Inc., and the village of Ansley. The village made a contract with plaintiff's employer to do some paving work, but failed to require it to carry compensation insurance. Plaintiff lost the sight of his right eye while he was engaged in the paving work. The accident occurred on June 16, 1937. He duly made claim for compensation against his employer, and, on November 3, 1937, instituted proceedings under the workmen's compensation law. On January 24, 1938, presumably upon discovering that his employer was without compensation insurance, he filed another petition joining the village and its compensation insurance carrier with the contractor as defendants. The com-

pensation court, first on a trial before an individual judge, and again on a rehearing before the full court, made an award in plaintiff's favor. On an appeal to the district court, in the nature of an error proceeding, the award was affirmed, and the village and its insurance carrier have appealed.

The liability of a state governmental agency under section 48-116, Comp. St. 1929, where it fails to require a contractor to carry compensation insurance, has already been declared in *Standish v. Larsen-Merryweather Co.*, 124 Neb. 197, 245 N. W. 606. We are asked to reexamine that decision. It is pointed out that, while section 48-114, Comp. St. 1929, makes the general provisions of the compensation law applicable to "the state and every governmental agency created by it," as well as "every person, firm or corporation, including any public service corporation, who is engaged in any trade, occupation, business, or profession," section 48-116 merely uses the language "any person, firm or corporation." It is argued that the state and its governmental agencies are therefore not intended to be included in the liability created by this section.

In *State v. Boone County*, 78 Neb. 271, 110 N. W. 629, it was said: "The sovereign power is not bound by general words in a statute, but only when included expressly or by necessary implication." The legislature has expressly declared, in section 48-114, that the state and its governmental agencies "shall constitute 'employers' subject to the provisions of this article." The term "article" has reference to the whole workmen's compensation law. Sections 48-114 and 48-116 have been parts of the compensation law from the time it was enacted. We would hesitate in this situation to allow the loose language of one section to curtail or defeat, by technical construction, the general intent which the legislature has declared as to the entire statute. In all questions under the workmen's compensation law, it is our duty to avoid rules of technical construction as much as possible, and to determine the intention of the legislature from the language of the act as a whole, rather than from

the loose words or phrases of isolated paragraphs. We are accordingly satisfied with the correctness of the conclusion in *Standish v. Larsen-Merryweather Co.*, *supra*, that section 48-116 was, by necessary implication, intended to apply to the state and its governmental agencies. It may be added that, if the conclusion in that case were not in accord with legislative intent, the legislature, in the four sessions that have been held since the decision was rendered, would probably have taken occasion to amend the statute.

The second contention made by the village and its insurance carrier is that plaintiff was not entitled to maintain this proceeding against the village, for the reason that no claim for compensation had been made against it, under section 48-133, Comp. St. Supp. 1937, within six months after the injury. The liability of a third party, under section 48-116, Comp. St. 1929, for failing to require a contractor to carry compensation insurance is an imputed one, in the sense that none can exist against him, if none exists against the employer. In this situation, the notice of accident and claim for compensation required as against the employer should operate to fix the imputed liability of the third party. Any other construction would nullify, in part at least, the liability intended to be created by section 48-116, since it would make the statute ineffectual in cases where the employee did not learn within six months of his injury that his employer had failed to carry compensation insurance. Every provision in the compensation law should be made as fully workable as it is soundly possible to do, by reasonable construction. Plaintiff was accordingly not barred from maintaining this proceeding because no claim for compensation had been made directly against the village within six months after his injury.

Plaintiff will be allowed an attorney's fee of $100, for services in this court, under section 48-125, Comp. St. Supp. 1939. No penalty for waiting time will be allowed, since the contentions of the village, with respect to its liability, present a reasonable controversy. *Hiestand v. Ristau*, 135 Neb. 881, 284 N. W. 756.

AFFIRMED.