WOODROW W. KEITH, APPELLEE AND CROSS-APPELLANT, V. ART WILSON, APPELLEE AND CROSS-APPELLEE, IMPLEADED WITH THE KIEWIT COMPANY, A CORPORATION, APPELLEE AND CROSS-APPELLEE, PAWNEE SPRINGS RANCH CO. ET AL., APPELLANTS AND CROSS-APPELLEES.

84 N. W. 2d 192

Filed July 5, 1957. No. 34199.

*Maupin, Dent, Kay & Satterfield* and *William E. Morrow, Jr.,* for appellants.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder-son, Frank E. Piccolo, Jr.,* and *Halligan & Mullikin,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action which was commenced in the workmen's compensation court by Woodrow W. Keith, plaintiff, and appellee and cross-appellant herein, against Art Wilson, defendant, and appellee and cross-appellee herein, The Kiewit Company, a corporation, Pawnee Springs Ranch Co., Peter Kiewit, and The Employers Mutual Liability Insurance Company of Wisconsin, defendants, and appellants and cross-appelleees herein, to recover workmen's compensation benefits to which he claimed he was entitled by reason of an alleged injury sustained while directly employed by the defendant Wilson, for which the other defendants were also liable. The action was dismissed by the workmen's compensation court whereupon an appeal was taken to the district court.

A trial was had in the district court wherein a judgment for compensation was rendered in favor of plaintiff and against Peter Kiewit and The Employers Mutual Liability Insurance Company of Wisconsin. This company was the workmen's compensation insurance carrier of Peter Kiewit. The amount of the award does not require mention since it is not in controversy. The judgment was in favor of all other defendants.

From the judgment Peter Kiewit, who will be referred to hereinafter as Kiewit, and The Employers Mutual Liability Insurance Company of Wisconsin, which will be referred to as the company, have appealed. The plaintiff has cross-appealed.

The brief of Kiewit and the company contains four assignments of error as grounds for reversal, but basically the only question presented by their brief and

argument is that of whether or not on the facts these parties were liable under the workmen's compensation law to pay workmen's compensation to the plaintiff. The facts as to employment of plaintiff, his injuries, and the extent thereof are not in dispute on this appeal.

The pertinent facts are that at the time involved here Kiewit was the lessee of and was operating a large farm and ranch under the name of the Pawnee Springs Ranch Company. Hay was produced on the ranch. Prior to the incidents involved here he elected to cause himself to become an employer within the meaning of the Workmen's Compensation Act and to cause his operation to be controlled particularly by section 48-106, R. R. S. 1943, which is a part of the workmen's compensation law, and generally by the other provisions. On June 3, 1955, he entered into a written contract with Wilson whereby Wilson agreed to cut and stack hay on the farm and ranch for $4.35 a ton. The plaintiff was employed by Wilson to work in the operation. On July 19, 1955, the plaintiff sustained an injury which arose out of and in the course of his employment. Kiewit did not at any time require Wilson to obtain workmen's compensation insurance to compensate his employees in case of accidental injuries sustained in the course of their employment.

The question requiring first consideration in the determination of this case is that of whether or not the plaintiff at the time was engaged in farm or ranch labor. This is true since the liability of Kiewit and also Wilson depends upon their status and characterization as defined by section 48-106, R. R. S. 1943, in part, as follows: "The provisions of this act shall apply * * * to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer, except railroad companies engaged in interstate or foreign commerce. The following are declared not to be hazardous occupations and not within the provisions of this act: Employers of household do-

mestic servants and employers of farm or ranch laborers, except as hereinafter provided; Provided, that any such employers may elect to provide and pay compensation for accidental injuries sustained by any of his employees by insuring and keeping insured his employees in some corporation, association or organization authorized and licensed to transact the business of workmen's compensation insurance in this state."

In application and interpretation of this provision this court in Keefover v. Vasey, 112 Neb. 424, 199 N. W. 799, 35 A. L. R. 191, wherein many cases dealing with the question of what is farm labor were reviewed, said: "Where a group of farmers combined in the purchase of a threshing machine for the purpose primarily of threshing their own grain, they and their employees while so engaged are not within the operation of the employers' liability law, which excludes 'employers of farm laborers.' "

In Oliver v. Ernst, 148 Neb. 465, 27 N. W. 2d 622, it was said: "A workman is not a farm laborer simply because at the moment he is doing work on a farm, nor because the task on which he is engaged happens to be what is ordinarily considered farm labor; but the whole character of his employment must be looked to to determine whether he is a farm laborer within the provisions of section 48-106, R. S. 1943."

In the case at bar the work contemplated by the contract between Kiewit and Wilson was cutting and stacking hay on the farm and ranch of Kiewit. The work in which the plaintiff was engaged was participation in this work on the ranch. The only reasonable conclusion to be drawn is that this was farm and ranch work.

In the light of this and the undisputed facts in the case it becomes necessary to say that Wilson was not an employer within the meaning of this section of the statute. The same is not true as to Kiewit. By Kiewit's act of obtaining workmen's compensation insurance he became an employer within the meaning of the section

and subject to the liabilities imposed by the Workmen's Compensation Act. All of this becomes clear from a reading of the statute itself. This cannot well be disputed.

Kiewit and the company, as we interpret, do not urge that Kiewit is not subject to the provisions of the act, but only that on the facts there is no liability for compensation to the plaintiff. The theory of the contention, again as we interpret, is that the plaintiff was in no sense an employee of Kiewit, but was an employee of Wilson who was excepted from the act because of engagement in farm and ranch labor, in consequence of which no liability existed under the Workmen's Compensation Act in favor of plaintiff and against Wilson, and thus there could be none in favor of the plaintiff and against Kiewit.

The plaintiff insists on the other hand that Kiewit became liable under the terms of section 48-116, R. R. S. 1943, as follows: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this act, shall be included in the term 'employer,' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act. * * *"

It is of course true in the light of the clear and explicit wording of this section that if the contract between Kiewit and Wilson and performance under it was a scheme, artifice, or device to execute the work of making hay on the farm and ranch, Kiewit, since he subjected himself to the act, became an employer of plaintiff within the meaning of the act and became liable to him for workmen's compensation.

It may not with good reason be said that what was done did not amount to a plan the effect of which, if accomplished, would protect Kiewit against claims for workmen's compensation for injuries to workmen en-

gaged in the performance of farm and ranch labor in this operation. In the light of previous decisions of this court it must be regarded as a device. In the light of these decisions it is not necessary to the existence of a scheme, artifice, or device that there shall be active fraud or evil design.

In Sherlock v. Sherlock, 112 Neb. 797, 201 N. W. 645, by way of illustrating what might be a device, this court said, referring to an agreement the purport of which was to relieve the employer of a contractor from liability for workmen's compensation: "This may fairly be considered a 'device' within the meaning of the workmen's compensation law, if the corporation disregarded a statutory duty to require its independent contractor to procure compensation insurance." In the case at bar Kiewit had a statutory duty, since he had elected to come under the workmen's compensation law, to require Wilson to procure workmen's compensation insurance which he failed to perform. See, also, Standish v. Larsen-Merryweather Co., 124 Neb. 197, 245 N. W. 606; Jones v. Rossbach Coal Co., 130 Neb. 302, 264 N. W. 877; New Masonic Temple Assn. v. Globe Indemnity Co., 134 Neb. 731, 279 N. W. 475; Hiestand v. Ristau, 135 Neb. 881, 284 N. W. 756; Riggins v. Lincoln Tent & Awning Co., 143 Neb. 893, 11 N. W. 2d 810.

The next question to be considered is that of whether or not, assuming that plaintiff has no right of action against Wilson under the workmen's compensation law, he has such an action against Kiewit. The opinion in the case of Dobesh v. Associated Asphalt Contractors, 138 Neb. 117, 292 N. W. 59, contains a statement the effect of which is to say that he would not. The statement must be rejected and the opinion in that case to that extent overruled for two reasons. First no such question was involved in that case. The question before the court was that of whether or not the plaintiff could maintain his action against the village of Ansley since notice had not been served in the time required by stat-

ute. The second is that the liability of Kiewit, if it exists, is not dependent upon imputation but upon clear and specific terms of statute which define and declare the liability.

The question remaining for consideration is that of whether or not Wilson is liable along with Kiewit for workmen's compensation. The district court found and adjudicated that he was not so liable. The conclusion of this court is the same as that of the district court.

It is to be observed that by section 48-106, R. R. S. 1943, Wilson was excepted from the operation of the Workmen's Compensation Act. The exception is applicable to him unless by voluntary act he as an employer of farm and ranch labor subjected himself to liability under the act. He did not so subject himself.

The plaintiff contends however that he became subject to the act by reason of the terms of section 48-116, R. R. S. 1943. The contention is not tenable.

It is to be observed that this section imposes directly no liability upon anyone except a person, firm, or corporation who has effected or carried on a scheme, artifice, or device to evade the operation of the act. Conclusively on the record Wilson did not effect or carry on or have knowledge of any such scheme, artifice, or device. There was nothing to charge him with such knowledge. No liability therefore could attach to Wilson under the terms of the provision which imposed liability.

It is urged however that Wilson became liable under the following language contained in the provision: "* * * and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act." In other words, it is urged that Wilson, the immediate employer who was not under the act, became liable to the plaintiff under this language and the fact that Kiewit created and carried on his scheme, artifice, or device.

The words taken in their separate context or in their

relationship with the entire section or with· the entire act are not reasonably capable of such an interpretation. The clear purport and effect of this section is to define and declare only the obligation and fix the liability of a person, firm, or corporation who or which has created or carried on a scheme, artifice, or device within the meaning of the provision. It may not reasonably be said that a liability is created by a reference in a legislative enactment to a nonexistent liability in the absence of an express or implied intent to impose or create a liability.

All that may be said for this language is that in a case where there has been a scheme, artifice, or device the one creating or carrying it on is liable under the Workmen's Compensation Act; and if the immediate employer is subject to the act the one creating or carrying on the scheme, artifice, or device is jointly and severally liable with that one; but if the immediate employer is not subject to the act the one creating or carrying on the scheme, artifice, or device is nevertheless liable.

It must be said therefore that the judgment of the district court is in all respects correct and it is affirmed.

An attorney's fee in the amount of $500 is taxed in favor of plaintiff and against the appellants. All costs in this court are taxed against the appellants except those of Wilson, which are taxed against the plaintiff.

AFFIRMED.

SIMMONS, C. J., dissenting.

The court here reaches the conclusion that Kiewit must pay workmen's compensation to plaintiff, although plaintiff was working for Wilson, and that Wilson is not liable for workmen's compensation to plaintiff although he was Wilson's employee.

I shall not consume space here to more than mention the established rule that the compensation act is to be liberally construed to carry out its beneficent purposes, and the rule of statutory construction which enjoins courts to avoid absurd results.

I shall not discuss the question as to whether or not the work being done here is "farm or ranch" labor. As I see it, in this instance, it is not a material consideration. It is, however, a matter of common knowledge that in large farm and ranch operations in this state the harvesting of crops is no longer a farm but is a commercial operation. There is respectable authority, cited to the court, that operations such as are here involved are not within the contemplation of the "farm or ranch" exceptions of the act.

Kiewit elected to provide and pay compensation to his employees. The court, however, does not quote that provision of section 48-106, R. R. S. 1943, which makes Kiewit liable to his employees. The provision is: "The procuring by any such employer of such a policy of insurance, which is in full force and effect at the time of an accident to any of his employees, *shall be conclusive proof* of such employer's and his employees' election to be bound by sections 48-109 to 48-147, *to all intents and purposes as if they had not been specifically excluded by the terms of this section;* * * *." (Emphasis supplied.)

It is my view that when Kiewit took out the insurance he brought the "farm and ranch" work within the act "to all intents and purposes" as though "farm and ranch laborers" were never excluded from the act. The effect of the court's decision is that Kiewit brought his employees within the act but left the work without the act. I do not agree that such was the legislative intent. The statute at no place separates the employee or employer from the work being done.

We are agreed that had plaintiff been employed by Kiewit when he was injured, Kiewit would have been liable for compensation under the act.

Kiewit, then, contracted with Wilson to do the work of putting up hay. Section 48-116, R. R. S. 1943, then, becomes applicable.

I shall not argue the question of what constitutes a "scheme, artifice or device."

We have held: "The provisions of section 48-116, make a person who lets a contract liable to an employee of the contractor, unless he requires the contractor to procure insurance from a company licensed to make such insurance contracts in this state." Standish v. Larsen-Merryweather Co., 124 Neb. 197, 245 N. W. 606. See, also, Sherlock v. Sherlock, 112 Neb. 797, 201 N. W. 645; Jones v. Rossbach Coal Co., 130 Neb. 302, 264 N. W. 877; New Masonic Temple Assn. v. Globe Indemnity Co., 134 Neb. 731, 279 N. W. 475; Hiestand v. Ristau, 135 Neb. 881, 284 N. W. 756; Riggins v. Lincoln Tent & Awning Co., 143 Neb. 893, 11 N. W. 2d 810. The ultimate test of these cases is this: Did the owner or principal contractor require the contractor or subcontractor to procure insurance? If he did, he was not liable to the employee of the contractor or subcontractor. If he did not, then he was liable.

The court holds that under section 48-116, R. R. S. 1943, Kiewit is "included in the term 'employer,' " and is liable to the plaintiff. I agree. The court holds that Wilson is not liable although the statute says that Kiewit and "the immediate employer (Wilson) shall be *jointly* and severally liable * * *."

The Legislature made an exception in section 48-106, R. R. S. 1943, but it made none in section 48-116, R. R. S. 1943. I think it patent that the Legislature intended that section 48-116, R. R. S. 1943, should apply to all situations where an owner subject to the act used the device of contracting out the work without requiring insurance.

The court reads out of the act the "jointly" liable-to-pay provision and reads an exception into the act which is not there.

Kiewit's liability is determined as a matter of law by section 48-116, R. R. S. 1943. That same statute makes Wilson the immediate employer subject to the act and "jointly and severally liable" with Kiewit to pay the compensation. We have repeatedly so held. See, Sher-

lock v. Sherlock, *supra;* Standish v. Larsen-Merryweather Co., *supra;* New Masonic Temple Assn. v. Globe Indemnity Co., *supra;* Hiestand v. Ristau, *supra.*

It is to be remembered that we are here dealing with work brought within the compensation act by Kiewit. Section 48-116, R. R. S. 1943, applies to such work. It makes no exception to the joint and several liability of both parties. Obviously to do so would defeat the purpose of the act. The compensation act permits an owner or contractor to take exempted work within the act and secure the benefits as well as the liabilities of the act. It does not contemplate that the owner can thereafter take that work without the act by contracting it to an uninsured third party, and thereby escape responsibility to the workmen covered. The act in unmistakable terms makes both the statutory employer and the immediate employer jointly and severally liable.

The court overrules a "statement" in Dobesh v. Associated Asphalt Contractors, 138 Neb. 117, 292 N. W. 59. The court does not quote the "statement." It is: "The liability of a third party, under section 48-116, Comp. St. 1929, for failing to require a contractor to carry compensation insurance is an imputed one, in the sense that none can exist against him, if none exists against the employer."

When analyzed, that statement is in accord with my construction of the act. It is necessary to overrule it in order to relieve Wilson of liability. In the Dobesh case, claim for compensation had been given to the immediate employer within the time provided by the act. Claim within the time provided by the act had not been given to the village which had contracted with the immediate contractor. The question was whether or not the claim to the immediate employer was sufficient to meet the requirement of notice to the village. We there, in effect, applied the joint and several liability rule to the facts of that case and said that if liability did not exist against the immediate employer, then none existed

against the "third party" (statutory employer). The converse of the rule is that if liability exists against the third party it also exists against the immediate employer. The two rules add up to joint and several liability of both the "employer" and the "immediate employer."

I would direct the entry of a judgment against Kiewit and against Wilson, holding them jointly and severally liable to pay compensation to the plaintiff.