DORMAN K. IMUS, APPELLANT, V. BEAD MOUNTAIN RANCH, INC., A CORPORATION, ET AL., APPELLEES.

160 N. W. 2d 171

Filed June 28, 1968. No. 36859.

Dwight Elliott, Holtorf, Hansen & Kortum, and Leland K. Kovarik, for appellant.

Lovell & Raymond, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a workmen's compensation case. The employer rancher, exempt from the compulsory provisions of the Workmen's Compensation Act, insured voluntarily and represented coverage to the plaintiff employee at the time of employment. Subsequently, the

employer inadvertently permitted the policy to lapse, and a few days after lapse reinsured. In the gap period plaintiff was injured. The trial court denied recovery, holding that the employer was not bound by the election provisions of the act. We reverse the judgment.

The problem appears quite clearly from a reading of the two pertinent provisions of the Workmen's Compensation Act: "(2) The following are declared not to be hazardous occupations and not within the provisions of this act: Employers of household domestic servants and employers of farm or ranch laborers, except as hereinafter provided; Provided, that any such employers may elect to provide and pay compensation for accidental injuries sustained by any of his employees *by insuring and keeping insured* his employees in some corporation, association, or organization authorized and licensed to transact the business of workmen's compensation insurance in this state. * * * (3) The procuring by any such employer of such a policy of insurance, referred to in subsection (2) of this section, which is in full force and effect at the time of an accident to any of his employees, shall be conclusive proof of such employer's and his employees' election to be bound by sections 48-109 to 48-147, to all intents and purposes as if they had not been specifically excluded by the terms of this section; Provided, that any employee of such employer shall have the right, prior to the accident sustained by him, to elect not to accept or be bound by the provisions of this act, the procedure being the same as indicated in section 48-112." (Emphasis supplied.) § 48-106, R. R. S. 1943. "In the occupations described in section 48-106 all contracts of employment shall be presumed to have been made with reference, and subject to the provisions of sections 48-109 to 48-147, unless otherwise expressly stated in the contract, *or unless written or printed notice has been given by either party to the other,* as hereinafter provided, *that he does not accept* the provisions of said sections. *Every such em-*

*ployer* and every employee is presumed *to accept and come under said sections,* unless prior to the accident he shall signify his election not to accept or be bound by the provisions of said sections. This election shall be by notice as follows: (a) The *employer* shall post and thereafter keep continuously posted in a conspicuous place about the place or places *where his workmen* are employed *a written or printed notice* of his election *not to be bound by said sections,* and shall file a duplicate thereof with the compensation court; (b) the employee shall give written or printed notice to the employer of his election not to be bound by said sections, and shall file a duplicate with proof of service attached thereto with the compensation court." (Emphasis supplied.) § 48-112, R. R. S. 1943.

The defendant employer, giving a narrow semantical interpretation of the words "by insuring and keeping insured" and other clauses of section 48-106, R. R. S. 1943, ingeniously argues a result which in effect is that coverage is a mere gratuity on his part, and that there is an automatic termination of coverage, without notice to the employee or the Compensation Court, if he cancels, fails to pay his premium, or otherwise permits the policy to lapse.

The fundamental rule in construing statutes is that they shall be construed in pari materia and from their language as a whole to determine the intent of the Legislature. All subordinate rules are mere aids in reaching this fundamental determination. By its terms (especially the italicized portions of section 48-112, R. R. S. 1943), the Legislature intended, both for the protection of the employer and employee, that, once subject to the provisions of the act, the other party should be given notice of withdrawal and the consequent change of his substantial rights in case of injury and disability. The rights of the employer and employee are interrelated. Whether coverage originally is mandatory or optional, it is only reasonable that the obvious statutory purpose

was to notify the parties in the event those rights are changed. We cannot perceive an intention that the optionally covered employee shall have any less rights than others, and it is no answer to such discrimination that the employer did not need to extend coverage in the first instance. Moreover, the election to insure is not a mere gratuity, as there are benefits to the employer from coverage such as incentive to employment, relief from common law tort liability, etc., which, in turn, substantially affect the employee as is recognized specifically in his right to elect not to be covered (subsection (3), section 48-106, R. R. S. 1943). Manifestly, in the present case, the representation of coverage to the employee and the procuring of insurance constituted an election to be bound by all of the provisions of sections 48-109 to 48-147, as sections 48-106 (3) and 48-112, R. R. S. 1943, specifically provide for. An election "sub silentio" without notice to the employee is contrary to the expressed purpose and policy of the Workmen's Compensation Act and the statutes therein, as well as the reasonable intendment of the precise language expressed therein.

We further point out in this case that the employer at all times intended coverage, as his own testimony is that as soon as he discovered the lapse, he immediately reinsured. Defendant's interpretation would impute a sub silentio election or choice without notice which, in fact, never occurred. The statutory language, (section 48-106(3), R. R. S. 1943) providing that coverage at the time of the accident shall be "conclusive proof" of election, does not in any way negate proof of an election to be bound otherwise.

The problem involved in this case has been passed on in principle in the case of Keith v. Wilson, 165 Neb. 58, 84 N. W. 2d 192 (1957), wherein we said: "By Kiewit's *act of obtaining workmen's compensation insurance* he became an employer within the meaning of the section and subject to the liabilities imposed by the Workmen's

Compensation Act. All of this becomes clear from a reading of the statute itself. This cannot well be disputed." (Emphasis supplied.)

We therefore hold, as we did in Keith v. Wilson, *supra*, that an employer of farm or ranch labor, being excepted from the Workmen's Compensation Act, who elects to subject himself to it becomes subject to *all* of the provisions of the act to the same extent as an employer who is not excepted from it.

In the light of our interpretation and holding herein, it becomes unnecessary to discuss the various other arguments and contentions of the parties.

As to appellee, Employers Mutual Casualty Company, no service of process was ever secured against it and the judgment of dismissal as to it is affirmed.

The judgment of the district court is reversed and the cause remanded for a determination of liability on the merits.

REVERSED AND REMANDED.

BOSLAUGH, J., concurring.

I concur in the decision in this case upon the ground that the record shows a continuing election by the employer to be subject to the Workmen's Compensation Act.

CARTER, J., joins in this concurrence.